# DECISIONS

## OF THE

# Supreme Court of Florida.

## JUNE TERM, 1914.

JOHN D. NOBLE, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

### Opinion Filed June 17, 1914.

1. The organic declaration that "all men are equal before the
   law" may be regarded as a guarantee that all persons shall
   have equal consideration and protection of the law for the
   maintenance and security of the rights to which they are
   legally entitled.

2. The exercise of the police power of the State necessarily
   involves appropriate discriminations; and the fundamental
   law only requires that such discriminations shall not be
   arbitrarily unjust or oppressive as they affect the rights of
   persons.

3. The Legislature may regulate some occupations and not regu-
   late others, when private rights secured by the Constitution
   are not thereby invaded and the regulations that are pro-
   vided operate with substantial fairness upon practically all
   persons similarly situated, so that the governmental authority
   be not arbitrarily exercised to injure the substantial rights
   of or to oppress any person.

4. Legislative authority to regulate intrastate occupations is
   continuous and is subject to unlimited division when organic
   provisions are not violated.

5. Classifications of persons in legislative regulations may be
   on any practical substantial basis that has relation to the
   subject regulated and that is not purely arbitrary and essen-
   tially unjust in its operation upon the rights of persons.

6.  If the organic declaration that "all men are equal before the law" is given the force of a guarantee of equal protection of the laws, it is not violated when a legislative regulation within the police power of the State is made applicable to all persons as a class who are similarly situated and conditioned with reference to the regulation and the classification is not purely arbitrary.

7.  Chapter 6192, Acts of 1911, does not impose unusual or unreasonable restrictions upon the lawful occupation of practicing dentistry or dental surgery or prescribe arbitrarily unreasonable conditions upon the right to engage in such occupation so as to invade private rights secured by the constitution.

8.  An indictment which charges that the accused "had not at the time he performed dental work obtained and had recorded a certificate from the Florida State Board of Dental Examiners, or any of its members, as required by the laws of this State, contrary to the Statute," is not fatally defective because it is not alleged that the accused did not have a temporary certificate from a single member of the board.

9.  Grounds of a motion for a new trial are not self-supporting.

10.  The Legislature declares the public policy of the State in enacting a statute affecting such public policy.

Writ of Error to Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment affirmed.

*S. T. Shaylor*, for Plaintiff in Error.

*T. F. West*, Attorney General, and *Stafford Caldwell*, State Attorney, for the State.

WHITFIELD, J.—Noble was convicted on an indictment

charging that he in Suwannee County, Florida, practiced dentistry and dental surgery in that he did do and perform dental work for a named person, and "had not at the time he performed said dental work * * * obtained and had recorded a certificate from the Florida State Board of Dental Examiners, or any of its members, as required by the laws of said State, contrary to the form of the statute." On writ of error it is contended that the statute requiring one who practices dentistry to have a certificate from the State Board of Dental Examiners or one of its members, is unconstitutional; and that the indictment is defective. The statute is as follows: "Any person who shall practice dentistry or dental surgery in this State within the meaning of this Act without having first obtained and had recorded a certificate from the Florida State Board of Dental Examiners, or its members, or who violates any of the provisions of this Act, the punishment for which he is not herein specifically provided for, shall be deemed guilty as a misdemeanor and upon conviction thereof shall be punished by a fine of not more than one thousand dollars or imprisonment in the county jail not more than twelve months, or by both such fine and imprisonment, in the discretion of the court. Sec. 10, Chap. 6192, Acts of 1911. See also Sec. 3618 Gen. Stats. of 1906.

It is argued that the statute violates the constitutional expression that "all men are equal before the law," in that it makes it a crime to engage in the practice of dentistry before obtaining a certificate from a State board, and in that the statute permits regularly licensed physicians to extract teeth. The organic declaration that "all men are equal before the law" may be regarded as a guarantee that all persons shall have equal consideration and protection of the law for the maintenance and security of

the rights to which they are legally entitled. The exercise of the police power of the State necessarily involves appropriate discriminations; and the fundamental law only requires that such discriminations shall not be arbitrarily unjust or oppressive as they affect the rights of persons.

The legislature may regulate some occupations and not regulate others, when private rights secured by the Constitution are not thereby invaded and the regulations that are provided operate with substantial fairness upon practically all persons similarly situated, so that the governmental authority be not arbitrarily exercised to injure the substantial rights of or to oppress any person. See Davis v. Florida Power Co., 64 Fla. 246, 60 South. Rep. 759. Legislative authority to regulate intrastate occupations is continuous and is subject to unlimited division of application when organic provisions are not violated. Classifications of persons in legislative regulations may be on any practical substantial basis that has relation to the subject regulated and that is not purely arbitrary and essentially unjust in its operation upon the rights of persons. See Butler v. Perry, and Dutton Phos. Co. v. Priest, decided at this term. If the organic declaration that "all men are equal before the law" is given the force of a guar antee of equal protection of the laws, it is not violated when a legislative regulation within the police power of the State is made applicable to all persons as a class who are similarly situated and conditioned with reference to the regulation, and the classification is not purely arbitrary. Ex parte Whitley, 144 Cal. 167, 77 Pac. Rep. 879, 1 Ann. Cas. 13; Dent v. State of West Virginia, 129 U. S. 114, 9 Sup. Ct. Rep. 231. Whether the State has regulated other occupations is not material in determining the validity of this regulation. The statute is applicable to any per

son who shall practice dentistry or dental surgery in this State, thus making it operate alike on all persons who shall engage in the particular occupation. It does not impose unusual or unnecessary restrictions upon lawful occupations, or prescribe arbitrarily unreasonable conditions. In permitting licensed physicians and surgeons to extract teeth the statute merely makes definite the classes of persons designed to be affected by its operation. There is no feature of an *ex post facto* law in the statutes here involved. See State v. Chapman, 69 N. J. L. 464, 55 Atl. Rep. 94; In re Thompson, 36 Wash. 377, 78 Pac. Rep. 899. No violation of the obligation of a contract between the accused and the State with reference to the practice of dentistry appears. It was not shown at the trial in defense of the criminal charge, that the accused was legally qualified to practice dentistry in this State before the enactment of the present law, and consequently was expressly not subject to the statute.

Evidence offered in support of a motion for a new trial, that the accused had for ten or twelve years been an actual practitioner of dentistry in this State, could not then be received to show and did not show that the accused was "legally qualified" to practice dentistry in this State.

The indictment alleges all the essentials of the statutory offense and is not so framed as to mislead the accused, or to embarass him in the preparation of his defense, or to expose him to another prosecution for the same offense, therefore it is not fatally or essentially defective. Secs. 3961-2 Gen. Stats. of 1906; Johnson v. State, 58 Fla. 68, 50 South. Rep. 529. It was not necessary for the indictment to charge that the accused did not have a temporary certificate from a single member of the Board, since it is expressly charged that he had not obtained and had re-

corded a certificate from the Board "or any of its mem-
bers."

In the motion for new trial it is stated that the court
erred in not asking certain questions of jurors; but as
there is no basis for this in the bill of exceptions it can-
not be considered here. Grounds of a motion for new trial
are not self supporting. Smith v. State, 57 Fla. 24, 48
South. Rep. 744.

The contention that the statute is contrary to public
policy is unavailing since the legislature declares the
public policy of the State in enacting the statute. Courts
do not consider the reasonableness of a statute when pass-
ing upon its validity, unless it is clear that such asserted
unreasonableness violates the fundamental rights of the
party complaining of it. In this case it is clear that no
fundamental right of the accused has been violated by
the operation of the statute or by the procedure resulting
in his conviction.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J.,
concur.

HOCKER, J., absent.