JAMES M. STANLEY, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

1.  To prove any fact, the best evidence of such fact should be adduced.

2.  The best evidence of a man's general reputation is the opinion formed and expressed of him by his neighbors or people in the community in which he resides.

3. Whether the refusal to give a requested correct charge constitutes reversible error should be determined by a consideration of the requested charge in connection with all the other charges given and the evidence in the case.

4. Where a party wishes to take advantage of the failure of the Court to give to the jury a charge upon any point of law of the case, he should request the Court at the proper time to give the charge desired, and if such request be refused, take exception; if the party fails to exercise this right, he will not be heard to assign the omission by the Court as error.

5. The assertions of facts contained as grounds of a motion for a new trial are not self-verifying before an Appellate Court, and unless the truth of such assertions is elsewhere properly disclosed by the record, an Appellate Court cannot consider assignments of error predicated thereon.

6. When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial and there is evidence to support it, an Appellate Court should refuse to disturb it in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence.

Judgment affirmed.

*Seymour & Collins,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

JONES, Circuit Judge.—The plaintiff in error, referred to hereinafter as the defendant, was tried in the criminal court of record of Dade County upon an information charging the crime of murder in the second degree. The jury returned a verdict for manslaughter and defendant was sentenced to the state prison for a term of years. The

defendant sued out writ of error and assigned seven errors, but the second and fourth assignments are abandoned.

The first assignment is that the court erred in sustaining the objection by the State to the question propounded to a witness for defendant as follows: ''Do you know the general reputation of the defendant as to peacableness?'' It is apparent that this assignment is not well taken. It is a cardinal rule of evidence that to prove any fact the best evidence of such fact should be adduced. A man is best known by his neighbors or people in the community in which he resides. It is their opinion, formed and expressed, based upon their knowledge of him, which establishes his general reputation. The question propounded to the witness did not restrict any knowledge the witness may have had concerning the general reputation of the defendant to any certain class of persons or to any particular place. The proper mode of examining into the general reputation is to inquire of the witness whether he knows the general reputation of the person in question among his neighbors or in the community in which he resides for peace and quiet, or for truth and veracity, or other trait of character that may be relevant. If the witness testifies he knows such reputation, then he may be asked to state what that reputation is, whether it is good or bad. Nelson v. State, 32 Fla. 244; 1 Greenleaf on Evidence, 15 Ed. Se. 461.

The defendant introduced testimony to prove that he was not present at the time and place of the homicide, and the third assignment is based upon the refusal of the court to give the special charge requested by the defendant as follows: ''I charge you further that the defense of an alibi is sufficient if it raise in the minds of the jury a reasonable doubt.'' The requested charge correctly states the law of the case and should have been given. But, whether the refusal to give a requested correct charge constitutes reversible error should be determined by a con-

sideration of the requested charge in connection with all the other charges given and the evidence in the case. In view of all the testimony and other appropriate instrucaions given by the court in the general charge, it is our opinion that the jury was not mislead or the rights of the defendant prejudiced by the refusal to give the special charge, and therefore, it is harmless error. There was no denial that deceased was unlawfully killed at the time and place and in the manner and by the means alleged in the information. The main issue of fact to be determined by the jury was the question of identity. The court instructed the jury the defendant was presumed to be innocent until the State, by competent testimony, proved his guilt to the exclusion of and beyond a reasonable doubt, and that if any one of the material allegations of the indictment be not proven beyond a reasonable doubt, the defendant should be acquitted, and, further, that the defendant had introduced testimony that he was not at the place at the time of the commission of the crime, which is a defense recognized by law, and the State must prove beyond a reasonable doubt that the defendant was at the place at the time of the commission of the crime.

Some portions of the general charge given by the Court are defective and might have been clearer, but the defendant failed to call attention of the Court to such defects and reserved no exceptions to the charge or any portion of same, and assignments of error or arguments in this Court, based upon instructions given to the jury and not excepted to, will not be considered by an Appellate Court. McCoy v. State, 40 Fla. 494.

The fifth assignment is that the Court erred in not defining to the jury the legal meaning of reasonable doubt. There was no request for such instruction. It is well settled that where a party wishes to take advantage of the failure of the trial court to give to the jury a charge upon

any point of law of the case, he should request the court at the proper time to give the charge desired, and if such request be refused—take exception;—if the party fails to exercise this right, he will not be heard to assign the omission by the Court as error. Blount v. State, 30 Fla. 287, 11 So. Rep. 547; Lovett v. State, 30 Fla. 142, 11 So. Rep. 552; McCoy v. State, 40 Fla. 497.

The sixth error assigned is that the Court erred in limiting the time for argument to the jury to thirty minutes for each side. It is not disclosed by the transcript that the Court made an order limiting the time for argument, or that exception was reserved by the defendant to any such ruling. It was held in the case of Smith v. State, 57 Fla. 24, 48 So. Rep. 744, "The assertions of facts contained as grounds of a motion for a new trial are not self-verifying before an Appellate Court, and unless the truth of such assertions is elsewhere properly disclosed by the record, an Appellate Court cannot consider assignments of error predicated thereon." See also Noble v. State, 68 Fla. 1, 66 So. Rep. 153; Young v. State, 70 Fla. 211.

The remaining error assigned is that the Court erred in overruling the motion for a new trial which questions the sufficiency of the evidence to support the verdict. The substance of the testimony of three witnesses for the defendant, including himself, is that the defendant was in a house designated as a dance hall about two o'clock in the morning when the homicide was committed in a house called the gambling house approximately fifty feet distant. Two State witnesses testified they were in the gambling room with the defendant and about twenty-five or thirty other persons; that they heard an altercation between the defendant and another person with whom he was gambling, that they saw defendant turn from the gambling table and walk toward the door of the room

and at that time they saw a pistol in his hand, that immediately after defendant passed through the door, he fired into the room, that they were within a few feet of the defendant all the time and were looking directly at him when the pistol was fired, that they never saw defendant before that night, but each witness positively identified the defendant as the man who fired the fatal shot. There is ample evidence to support the verdict and nothing to indicate that the defendant did not have a fair and impartial trial. "When the trial court concurs in the verdict rendered by a jury denying the motion for a new trial, and there is evidence to support it, an Appellate Court should refuse to disturb it in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence." Young v. State, 70 Fla. 211.

It is therefore ordered that the judgment be and the same is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Criminal Court of Record should be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.