88 So.2d 318 (1956)
Ronald ROSE, doing business as Florida Real Estate Exchange, Appellant,
v.
Charles L. YUILLE and Eleanor Yuille, husband and wife, Appellees.
Supreme Court of Florida, Division A.
May 30, 1956.
Rehearing Denied July 9, 1956.
Sommer, Frank & Weston, Miami Beach, for appellant.
Wm. J. Pruitt, Miami, for appellees.
TERRELL, Justice.
Appellant, a real estate broker, alleged he entered into a contract with appellees to sell certain real estate in Monroe County. Contending that he produced a purchaser, ready, able and willing to buy at the consideration agreed on and that appellees refused to sell, appellant instituted this suit to recover damages against defendants for their refusal to comply with the contract. In their amended answer defendants denied the material allegations of the complaint or that they ever employed plaintiff to sell their lands. A pretrial conference was ordered for February 4, 1955, and the cause was set for trial before the court without a jury February 21 following the pretrial conference.
*319 At the pretrial conference the court ordered the plaintiff to reveal the names of all witnesses he expected to question at the trial. Later the plaintiff learned of a material witness and by his counsel filed "Notice of Disclosure" with Clerk of Circuit Court and mailed copy thereof to defendants giving the name of said witness as C.L. Macurda. The cause came on for trial as set, during the course of which the plaintiff called the witness C.L. Macurda to the stand. No objection was made to the witness testifying. Plaintiff advised the court that at the pretrial conference the name of the witness was not familiar to him, however, several days before the trial by "Notice of Disclosure," defendants' counsel was notified that the witness would be called. The court refused to permit the witness to testify stating, "I am determined to prevent any surprises at trial." At the conclusion of the trial, the court entered judgment for defendants from which this appeal was prosecuted.
The point for determination is whether or not the trial court committed error in refusing to permit the witness C.L. Macurda to testify at the trial.
Circumstances might arise in which such a refusal would have been an abuse of discretion but not so in this case. While it is shown that the name of the witness was not disclosed at the pretrial conference as the court directed, it is shown that the plaintiff acted promptly to secure attendance of the witness when he was located; he gave appellees' counsel notice four days before the trial and told him he was not advised of Macurda's whereabouts at the time of the pretrial conference. In his notice he did not advise counsel, the court or defendants what Macurda would testify to, whether or not his testimony was material or would have been admissible if proffered. Since the testimony of Macurda was not proffered at any stage of the proceedings, there is no way to tell whether or not its rejection was injurious to the plaintiff.
In his "Notice of Disclosure" counsel for plaintiff should have advised the court and opposing counsel what Macurda would testify to, that his testimony was material and essential to prove his case and that there could be no lawful objection to its introduction in evidence. This is substantially the practice followed in moving for continuance account of the absence of a material witness and should have been followed here.
Failing in this, in view of the fact that the trial court has a broad discretion in conducting a trial, we find no abuse of discretion in rejecting Macurda's testimony. The judgment appealed from is therefore affirmed.
Affirmed.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.