349 So.2d 187 (1977)
William H. STRIPLING, Appellant,
v.
The STATE of Florida, Appellee.
Fred B. SPIEGEL, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 75-1820 and 75-1821.
District Court of Appeal of Florida, Third District.
July 12, 1977.
Rehearing Denied September 15, 1977.
*188 Gerald Kogan, Miami, for Stripling.
Richard M. Gale, Bierman, Sonnett, Beiley, Shohat & Osman, Miami, for Spiegel.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
*189 HAVERFIELD, Judge.
In these appeals defendants, Fred B. Spiegel and William H. Stripling, seek reversal of their respective convictions for bribery and conspiracy to commit bribery.
On March 30, 1974 defendant William Stripling was arrested by a Virginia Gardens police officer, Robert Weiss, and charged with driving under the influence. Stripling retained the defendant, Fred B. Spiegel, Esq., to represent him. At the commencement of the trial on May 1, Spiegel requested and was granted a continuance. Immediately thereafter, Officer Weiss joined Spiegel in the courthouse cafeteria for coffee at which time Weiss contended that Spiegel during their conversation offered him money if he would not appear to testify at Stripling's trial which had been reset for May 29. Weiss reported this alleged conversation to the state attorney's office and cooperated in the ensuing investigation conducted by that office. At the behest of the state attorney, Weiss made several telephone calls[1] and arranged to meet with Spiegel on various occasions. On the order of the state attorney Weiss failed to appear on the May 29 trial date and the case was again continued until June 26. Spiegel subpoenaed Weiss to take his deposition on June 24, at which time Weiss appeared and was deposed. On the following day Weiss went to Spiegel's office and after discussing a personal legal problem with Spiegel, raised the matter of the Stripling trial scheduled for the next day and then wrote on a pad which he handed Spiegel, would Stripling "go $200". Spiegel wrote back a note to the effect that he would speak to Weiss when the thing was over and that he (Spiegel) had seven years of education at stake. After the meeting the two went out for a beer and upon returning to Spiegel's office, Weiss announced that he was not going to show up at the trial. Spiegel replied that Weiss should do whatever he wanted. Weiss, as instructed by the state attorney, did not appear at the trial (on June 26) and the case against Stripling was dismissed. Later that day, upon returning to his office, Spiegel found Stripling and Weiss waiting to see him. At the insistence of Weiss, Spiegel accompanied him and Stripling to a nearby restaurant where Spiegel excused himself and went into the restroom at which time Stripling handed Weiss $200. Upon returning from the restroom, Spiegel and Stripling were arrested. The two were charged with bribery and conspiracy to commit bribery and tried jointly. At the trial Spiegel defended on the ground that Weiss, not he, had initiated all conversations with respect to the bribes over his (Spiegel's) protests and objections, and Weiss was attempting to "shake him down". The jury found Spiegel and Stripling guilty of the bribery and conspiracy charges. They separately appealed their convictions and these appeals were consolidated for the purpose of the use of a single record. Stripling, in addition to the points raised in his brief, has adopted the arguments raised by Spiegel and we will dispose of both appeals in this consolidated opinion.
For his first point on appeal, Spiegel contends the trial court erred by including in its instruction on entrapment to the jury that the defense of entrapment is not available to a defendant who denies that he committed the alleged crimes.
The judge rendered to the jury the following entrapment instruction to which defendant objected:
* * * * * *
"The burden is on the Government to prove beyond a reasonable doubt that the inducement was not the cause or creator of the crime or that the accused was ready and willing to commit the offense charged whenever the opportunity was offered. The burden is upon the Government to satisfy the jury beyond a reasonable doubt that the Defendant was not entrapped into committing the offense, the allegation, which absent entrapment, constituted the offense.
"And in connection with that, the Court would also reiterate to the jury *190 that entrapment predisposes the commission of a crime. The defense of entrapment is available when an officer acts in good faith to discover or detect crime in both commissions of one that had prerequisite criminal intent.
"The defense of entrapment is not available to a Defendant that denies that he committed the acts charged.
"The Court would further advise that the first duties of the officers of the law to prevent, not to punish crime, it is not their duty to incite or create crime for the sole purpose of prosecuting and punishing. It is unconscionable to the punishment of a man for commission of the offense of the like which he has never been guilty and evidently would never have been guilty of if the officer of the law had not inspired and lured him to attempt to commit it. It is well settled that decoys may be used to entrap criminals and to present opportunity to one intending or willing to commit a crime or decoys are not permissible to ensnare the innocent and law abiding into the commission of a crime." [Emphasis Supplied]
* * * * * *
Shortly after the jury retired to deliberate, it requested a copy of the law of entrapment. Instead, the judge again rendered the jurors an instruction similar to the above and concluded his instruction as follows:
* * * * * *
"Entrapment predisposes the commission of a crime. The defense of entrapment is not available where an officer acted in good faith to discover or detect crime and merely furnished an opportunity for a commission thereof by one who had prerequisite criminal intent. The defense of entrapment is not available to a defendant who denies that he committed the acts charged." [Emphasis Supplied]
* * * * * *
We hold that these two instructions were erroneous.
The instructions are confusing by virtue of the fact that when an instruction on entrapment was rendered, the court found that Spiegel had presented sufficient evidence with respect thereto to warrant such a charge. As a result of the court further instructing that the defense was unavailable to an accused who denies commission of the acts charged, the jurors, even if they believed Spiegel was entrapped, could not then give him the benefit of his entrapment defense because he denied the charges. Indeed, the confusion to the jury is apparent from the record which reflects that shortly after they retired to deliberate, the jurors requested a copy of the law of entrapment. Instead, the jury received another similarly ambiguous entrapment instruction.
Furthermore, Florida Standard Jury Instructions 2.11(e), below, on entrapment contains no such statement as to the unavailability of the defense:
* * * * * *
"(e) ENTRAPMENT
"One of the defenses asserted in this case is that the defendant was a victim of what is known as entrapment.
"One who, for the purpose of prosecution, is persuaded, induced or lured by an officer of the law or someone acting for him, into the commission of a crime which he had otherwise no intention to commit, may avail himself of the defense of entrapment and should not be convicted. However, that defense is not available if the officer acted in good faith for the purpose of detecting crime and merely furnished an opportunity for commission thereof by one who already had the intent to commit the crime.
"It is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that he was decoyed or solicited by persons seeking to expose the criminal, or that law enforcement officers pretending participation in the act were present and apparently assisting in its commission.
"The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement *191 officers, and unless it has done so you should find the defendant not guilty."
* * * * * *
Nevertheless, the prosecution argues that this challenged instruction is in accord with the holdings in Ivory v. State, 173 So.2d 759 (Fla.3d DCA 1965) and Pearson v. State, 221 So.2d 760 (Fla.2d DCA 1969) that the defense of entrapment is not available to a defendant who denies he committed the offense charged on the theory that entrapment presupposes the act charged was committed and, therefore, a denial of the commission of the offense is inconsistent with the defense of entrapment. While these holdings reflect the general rule, there is a qualification in cases involving a charge of conspiracy. A defendant could deny being a party to a conspiracy and yet raise the issue that any overt acts done by him or her were done because of entrapment; the rationale being that inconsistencies in defenses in criminal cases are allowable so long as the proof of one does not necessarily disprove the other. McCarty v. U.S., 379 F.2d 285, 286-287 (5th Cir.1967); U.S. v. Newcomb, 488 F.2d 190 (5th Cir.1974). In the instant case the proof that Spiegel was not a member of a conspiracy would not have necessarily disproved that he was entrapped into committing a particular overt act. Cf. Henderson v. U.S., 237 F.2d 169 (5th Cir.1956); Sears v. U.S., 343 F.2d 139 (5th Cir.1965). We, therefore, find that the court committed reversible error in rendering the objected to instructions to the jury.
Spiegel next urges as reversible error the court's denial of his right to cross-examine Weiss, the prosecution's key witness, as to whether he, as a police officer, was under investigation by the state attorney's office.
Spiegel's counsel outside of the presence of the jury informed the judge that he had reason to believe that Officer Weiss for over one year had been and presently was under investigation by the state attorney's office for alleged "shake downs" as a City of Virginia Gardens police officer. Nevertheless, the trial judge refused to permit defense counsel to cross-examine Weiss on this subject. Subsequently, defense counsel, outside the presence of the jury, proffered the testimony of Mr. Michael Coon, an investigator for the state attorney's office, who stated that he had been and still is investigating Officer Weiss for alleged previous "shake downs" in Virginia Gardens. The prosecution admitted to the investigation; but persuaded the trial judge in the interest of confidentiality not to permit Coon to testify before the jury.
We find this curtailment of defendant's right to cross-examine Weiss also constituted reversible error because it is clear that if a prosecution witness is presently or recently under an investigation which may lead to criminal charges, the accused against whom that witness testifies has the absolute right to bring this fact out on cross-examination so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he (or she) gives. Morrell v. State, 297 So.2d 579 (Fla.1st DCA 1974); See also Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Sweet v. State, 235 So.2d 40 (Fla.2d DCA 1970); Lee v. State, 318 So.2d 431 (Fla.4th DCA 1975).
The investigation of Officer Weiss raises the obvious question of whether he was attempting through his testimony to ingratiate himself and possibly vindicate himself with the state attorney's office. In the case sub judice, practically the entire case for the prosecution rested on the testimony of Weiss and, therefore, his credibility or possible bias was of the utmost importance to which the jury was entitled to be apprised.
We also note that Spiegel primarily defended on the ground that Weiss had initiated all conversations with respect to being receptive to a bribe and was attempting to shake him (Spiegel) down and, therefore, the fact that Weiss was under investigation for other alleged shake downs was highly relevant and crucial to Spiegel's defense.
Spiegel also argues that the court's order preventing him from discussing the case *192 with his counsel during the luncheon recess called between his direct and cross-examination deprived him (Spiegel) of his right to effective assistance of counsel. This point has merit.
First, a defendant in a criminal trial is entitled to consult with counsel at any time, either before or during the progress of the trial. Hooks v. State, 253 So.2d 424 (Fla. 1971).
Second, the trial judge entered the prevention order on the erroneous concept that once Spiegel had taken the stand, he is treated as any other witness and has an imaginary shield around him. In a case similar to the instant case, the United States Supreme Court in Geders v. U.S., 425 U.S. 80, 88, 96 S.Ct. 1330, 1335, 47 L.Ed.2d 592 (1976) held that the notion that defendant upon taking the stand is a witness like any other person is false and explained:
"But the petitioner was not simply a witness; he was also the defendant. A sequestration order affects a defendant in quite a different way from the way it affects a nonparty witness who presumably has no stake in the outcome of the trial. A nonparty witness ordinarily has little, other than his own testimony, to discuss with trial counsel; a defendant in a criminal case must often consult with his attorney during the trial. Moreover, `the rule' accomplishes less when it is applied to the defendant rather than a nonparty witness, because the defendant as a matter of right can be and usually is present for all testimony and has the opportunity to discuss his testimony with his attorney up to the time he takes the witness stand."
The Court concluded that with respect to any conflict that may exist in a criminal proceeding between a defendant's right to consult with his attorney during a long recess falling between the defendant's direct and cross-examination and the risk of improper coaching by defense counsel, such conflict must be resolved in favor of the right to effective assistance and guidance of counsel under the Sixth Amendment to the U.S. Constitution. Geders, supra at 91, 96 S.Ct. 1330.
The prosecution contends that the holding in Geders, supra, is inapplicable because in the case at bar there was only a two-hour luncheon recess as opposed to the 17-hour overnight recess. Nevertheless, after a careful reading of the majority opinion, we agree with the specially concurring opinion of Justice Marshall that the principles of law adopted by the majority "are fully applicable to the analysis of any order barring communication between a defendant and his attorney, at least where that communication would not interfere with the orderly and expeditious progress of the trial." Geders, supra at 92, 96 S.Ct. at 1337. The prosecution having failed to demonstrate any interference with the progress of the trial and the risk of improper coaching being insufficient grounds, we find the trial judge erred in preventing defense counsel to consult with Spiegel during the luncheon recess so that he could have obtained from Spiegel information made relevant by the testimony previously presented that morning or to discuss with him the significance thereof.
Spiegel next urges as error the court's refusal to allow defense counsel to impeach Weiss by offering testimony as to his reputation for truth and veracity.
The general rule is that testimony as to reputation and veracity must be bottomed upon the reputation in the person's community of residence and neighborhood. See Stanley v. State, 93 Fla. 372, 112 So. 73 (1927); Florida East Coast Railway Co. v. Hunt, 322 So.2d 68 (Fla.3d DCA 1975). The two witnesses from whom defense counsel wished to elicit testimony as to Weiss' reputation for truth and veracity in the community were investigators and it is inappropriate for one who is a detective or stranger sent out to learn the character of a witness to be permitted to testify as to the result of his or her inquiries. See 98 C.J.S. Witnesses § 520 (1957). If defense counsel wished to introduce such reputation evidence, then he should have called as witnesses, Weiss' *193 neighbors or qualified people in his community. See Stanley, supra. Thus, we find this point is without merit.
Spiegel additionally argues that the court committed error in admitting into evidence three handwritten notes previously suppressed on the ground that defense counsel exceeded permissible cross-examination and thereby opened the door for their admission.
Following Spiegel's arrest, Officer Weiss went to Spiegel's office and unlawfully seized three notes allegedly written by Spiegel during the course of a conversation between them prior to Spiegel's arrest. These notes were suppressed as a result of Weiss' illegal search and seizure. During the trial Weiss on direct examination proceeded to track the language of the notes. On cross-examination defense counsel questioned Weiss as to how he obtained the notes; what he discussed about them with Mr. Dardis, an investigator for the state attorney; what he did with the notes after he seized them. Over objection of defense counsel, the prosecution was permitted to introduce into evidence the suppressed notes for the reason that defense counsel had exceeded the bounds prescribed by law of Weiss' cross-examination and, therefore, opened the door for the admission of the previously suppressed notes.
Generally a defendant does not waive his previous objection to the admission of improper or illegal evidence merely by cross-examining the prosecution's witness with relation to the objectionable matter, particularly where the cross-examination is not extended beyond the scope of the evidence on direct examination. Louette v. State, 152 Fla. 495, 12 So.2d 168 (1943). In the case at bar, defense counsel was within the proper bounds of cross-examination by questioning Weiss as to how and when he obtained the notes and anything he did in relation to them. Counsel sought to minimize the harmful effect of Weiss' testimony and did not expound on the subject matter any further than necessary. See Carbone v. Coblentz, 132 So.2d 629 (Fla.3d DCA 1961). Thus, we find prejudicial error resulted from the admission of the previously suppressed notes.
For one of his points on appeal, Stripling contends that the trial court committed reversible error in denying his pretrial motion for severance. We cannot agree.
Motions for severance are addressed to the sound discretion of the trial judge and an order will not be reversed except for a palpable abuse of discretion and, thus, it is incumbent upon a defendant who appeals a denial of a motion for severance to show at least a likelihood that he did not receive a fair trial because of the denial of the motion to sever. Abbott v. State, 334 So.2d 642 (Fla.3d DCA 1976). See also State v. Talavera, 243 So.2d 595 (Fla. 1971); Rodriguez v. State, 237 So.2d 772 (Fla.3d DCA 1970); Grech v. State, 243 So.2d 216 (Fla.3d DCA 1971); Dove v. State, 287 So.2d 384 (Fla.1st DCA 1973). After a review of the record, we conclude Stripling has failed in his burden of showing the denial of his severance motion constituted an abuse of discretion.
In light of the above disposition, we do not deem it necessary to consider Spiegel's and Stripling's remaining points on appeal. For the numerous reasons cited, the convictions of Spiegel and Stripling are vacated and the cause remanded to the trial court for a new trial.
Reversed and remanded.
NOTES
[1] These telephone calls were taped.