410 So.2d 1343 (1982)
Frank Vincent BOVA, Petitioner,
v.
STATE of Florida, Respondent.
No. 60382.
Supreme Court of Florida.
February 25, 1982.
*1344 Alan H. Schreiber, Public Defender and Peter F. Laporte, Asst. Public Defender, 17th Judicial Circuit, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen. and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal, Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980). We find conflict with Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978), and accept jurisdiction.[1] The question presented for review is whether the constitutional right to counsel[2] prohibits any restrictions on attorney-client consultation during a trial recess. We hold that a criminal defendant must have access to his attorney during any trial recess, no matter how short the duration, but that the trial court has complete discretion in permitting recesses and in controlling recess duration. Although we disapprove the holding of the instant district court, we find that, under these circumstances, the error was harmless and, consequently, approve the result reached.
The pertinent facts are short and unrefuted. Petitioner was charged and convicted of first-degree murder. At trial, he testified at length in his own behalf. In response to a question asked of him during cross-examination, he expressed that he was confused and asked for a ten-minute break. The trial court granted the request and admonished petitioner and defense counsel, over objection, that they could not confer during the short recess. On appeal, the Fourth District found that this infringement upon petitioner's attorney-client consultation did not violate the sixth amendment right to counsel and affirmed.
Petitioner urges that the trial court's action did violate his rights and that we should reverse, applying to the instant facts the reasoning and holdings of Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), and Stripling v. State. In Geders, the United States Supreme Court held that an order preventing petitioner from consulting with his counsel during a seventeen-hour overnight recess was violative of sixth amendment protections. Our Third District Court of Appeal in Stripling held the same reasoning applied to a two-hour lunch recess. Petitioner maintains that there is no meaningful distinction where denial of attorney consultation is concerned between an overnight recess, a two-hour lunch recess, and a ten-minute recess which occurs while a defendant is on the witness stand under cross-examination. Each, it is asserted, constitutes a denial of counsel and thus violates the fundamental right to counsel.
The state argues that Geders and Stripling are distinguishable in that the prohibition on consultation in those cases was substantial, an overnight and a two-hour recess. Conversely, at the present trial, petitioner suffered only an insignificant ban on consultation during "a brief recess in the midst of cross-examination."
In discussing the controlling authority, the instant district court pointed out that some courts have held impermissible even a limited restraint on defense attorney-petitioner consultation.[3] The court said, however, that
Nonetheless, we decline to hold that the minimal restraint imposed by the trial court in this case constituted an abuse of discretion, or was an impermissible impairment of [petitioner's] Sixth Amendment right to assistance of counsel, or a violation of [petitioner's] correlative rights under Article I, Section 16 of the Florida Constitution.
392 So.2d at 953-54 (footnote omitted).
We reject this holding and find that no matter how brief the recess, a defendant *1345 in a criminal proceeding must have access to his attorney. The right of a criminal defendant to have reasonably effective attorney representation is absolute and is required at every essential step of the proceedings. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Although we understand the desirability of the imposed restriction on a witness or party who is on the witness stand, we find that to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimony, violates the defendant's basic right to counsel. Geders. Numerous courts have reached a similar conclusion.[4]
We stress that a defendant in a criminal proceeding is in a different posture than a party in a civil proceeding or a witness in a civil or criminal proceeding. Right-to-counsel protections do not extend to civil parties or witnesses and the trial judge's actions in the instant case would have been proper if a civil party or witness had been involved.
We also emphasize that the trial court has complete discretion in the granting of and duration of trial recesses. Our cases have long and consistently held that, to ensure orderly proceedings and to protect against unnecessary interruptions, the trial judge is afforded wide latitude in governing the events at trial.[5] The granting of a trial recess is well within his discretion. However, once the court does in fact grant a recess, we find a criminal defendant must be allowed access to counsel.
Having found that the trial court committed error in prohibiting defense counsel-petitioner consultation, we now consider the effect and any possible prejudice which resulted to petitioner. Citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the district court determined, in the alternative, that no prejudice resulted from the trial court's disallowance of a conference with his counsel. 392 So.2d at 954 n. 1. We agree. From our complete review of the record, we find that the evidence of petitioner's guilt was overwhelming. Petitioner has shown no actual prejudice and we are satisfied beyond any reasonable doubt that the brief restraint on defense consultation did not contribute to the jury's finding petitioner guilty. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman; Knight v. State, 394 So.2d 997 (Fla. 1981). We conclude that the trial court's error was harmless.
Accordingly, we disapprove the decision of the district court as to the attorney-client consultation issue, but, because we find the error harmless, approve the result.
It is so ordered.
ADKINS, BOYD and McDONALD, JJ., concur.
ALDERMAN, J., concurs in result only with an opinion.
SUNDBERG, Chief Justice, concurs in part and dissents in part:
"I concur that restriction on the petitioner's right to consult with counsel was an abridgment of his Sixth Amendment right to assistance of counsel. I dissent from the holding of the majority that this error was harmless. Geders v. United States, 425 U.S. 80 [96 S.Ct. 1330, 47 L.Ed.2d 592] (1976)."
ALDERMAN, Justice, concurring in result only.
Assuming arguendo that the restraint imposed in this case was constitutionally impermissible, *1346 I am satisfied beyond a reasonable doubt that that error was harmless.
I do not agree, however, that there was a constitutionally impermissible restraint. As concluded by the district court, inasmuch as the trial court may structure the proceedings so as to prevent attorney-client consultation during cross-examination, the court's discretion is sufficiently broad to achieve the same end by imposing a restraining order during a brief recess. As long as the curtailment of communication is brief and necessary to the administration of justice, it is constitutionally tolerable. The district court correctly noted:
[T]he trial judge in the case at bar was especially sensitive to the issue of attorney-client consultation. The court provided an opportunity for consultation prior to defendant's direct examination, and, before the incident giving rise to this appeal, agreed to arrangements so that defense counsel could meet with the defendant in a holding cell during the luncheon recess. It is also well to recall that the court exercised its discretion and acceded to defendant's request for a brief recess so that he might collect his thoughts. Having obtained this sought-for-benefit, defendant cannot complain of a reasonable limitation. To hold otherwise would encourage a party to attempt to sow reversible error into the record.
Bova v. State, 392 So.2d 950, 955-56 (Fla. 4th DCA 1980).
I agree with the district court that there was no abuse of discretion on the part of the trial court in not allowing the defendant to talk with his attorney during a brief recess requested by the defendant in the midst of cross-examination. Accordingly, I would approve the decision of the district court, and I concur in the affirmance of the defendant's conviction.
NOTES
[1] See art. V, § 3(b)(3), Fla. Const.
[2] See U.S.Const. amend. VI; art. I, § 16, Fla. Const.
[3] 392 So.2d at 953.
[4] See, e.g., United States v. Conway, 632 F.2d 641 (5th Cir.1980); Jackson v. United States, 420 A.2d 1202 (D.C. Cir.1979) (en banc); United States v. Bryant, 545 F.2d 1035 (6th Cir.1976); United States v. Allen, 542 F.2d 630 (4th Cir.1976), cert. denied, 430 U.S. 908, 97 S.Ct. 1179, 51 L.Ed.2d 584 (1977); People v. Noble, 42 Ill.2d 425, 248 N.E.2d 96 (1969); Pendergraft v. State, 191 So.2d 830 (Miss. 1966); Commonwealth v. Vivian, 426 Pa. 192, 231 A.2d 301 (1967).
[5] Rose v. Yuille, 88 So.2d 318 (Fla. 1956); Parrish v. State, 90 Fla. 25, 105 So. 130 (1925); Wilson v. Johnson, 51 Fla. 370, 41 So. 395 (1906); Jenkins v. State, 31 Fla. 196, 12 So. 677 (1893).