420 So.2d 95 (1982)
Francisco RECINOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1841.
District Court of Appeal of Florida, Third District.
February 2, 1982.
On Rehearing October 19, 1982.
Bennett H. Brummer, Public Defender and Irv J. Lamel Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
SCHWARTZ, Judge.
The only point raised in this appeal from a second-degree murder conviction challenges the trial court's admonition to defense counsel not to communicate with the defendant during recesses in the course of his testimony. Because the circumstances surrounding the instruction conclusively demonstrate that no reversible or harmful error took place, we reject the contention and affirm.
At the trial, Recinos took the stand in his own behalf, contending that he had committed the homicide in self-defense. In the course of a lengthy bench conference during his direct examination, the following occurred.
MR. HARTMAN [prosecutor]: Judge, I have two objections I would like to have put on the record. .. . Number two, I would object to Mr. Zenobi speaking to the defendant in the middle of his testimony.
THE COURT: I instructed him, specifically, not to do that.
MR. ZENOBI [defense counsel]: I did not coach my defendant, whatsoever, Judge.
He simply 
THE COURT: As far as I am concerned, he is like any other witness on the stand. *96 I don't want any communication with him during the recesses, while he is testifying.

MR. ZENOBI: There was no instruction to my witness to say anything, and I work through the interpreter, so you can ask the interpreter.
THE COURT: I don't question that. I accept your representation on that. [emphasis supplied]
Subsequent to this colloquy, which itself revealed that defense counsel had indeed spoken with Recinos during the recess, the record contains no request or other reference to any wish by either to communicate further with the other. The court almost immediately adjourned for lunch. Afterwards, the defendant's direct and then cross-examination were completed without interruption or expressed concern about the restriction imposed by the court. Nonetheless, relying on Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) and Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978), the defendant now argues that the trial court's statement that the defendant "is like any other witness on the stand" who was not to be spoken to during recesses requires a new trial. We disagree.
While the remarks embodied, as Geders and Stripling establish, an erroneous view concerning the defendant's sixth amendment right to the assistance of counsel at all times during trial, they had no practical or prejudicial effect on what actually happened below. This is the case for two separate but interrelated reasons. In the first place, the only recess during which the court's order was at all operative occurred in the middle of the direct examination, when the sole conceivable reason for counsel's communication with the client was what Zenobi himself acknowledged was the improper one of coaching him concerning the questions which were yet to be asked. Hence, the trial court may not be said to have abused its discretion in imposing that limitation. See Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980) (brief recess in midst of cross-examination); cf. United States v. DiLapi, 651 F.2d 140, 149-51 (2d Cir.1981) (concurring opinion); compare, Geders v. United States, supra (overnight recess between direct and cross-examination); Stripling v. State, supra (lunch recess between direct and cross-examination).[1]
Second, certainly unlike Geders, and apparently unlike Stripling, defense counsel did not proffer or otherwise indicate in any way that he even desired to have a discussion  on any permissible (or impermissible) subject  which was precluded by the order. See generally, Clark v. State, 363 So.2d 331 (Fla. 1978); cf. United States v. Allen, 542 F.2d 630, 634 (4th Cir.1976), cert. denied, 430 U.S. 908, 97 S.Ct. 1179, 51 L.Ed.2d 584 (1977). It thus appears both that any error was unpreserved and  beyond a reasonable doubt  that it made no difference whatever and was therefore constitutionally harmless.[2]Harrington v. California, 395 U.S. 250, *97 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Clark v. State, supra; see United States v. DiLapi, supra, 651 F.2d 148-49 (majority opinion). The trial court's incorrect announcement was thus but a tree falling in the forest which, because its vibrations reached no legal eardrums, must be deemed to have made no legal sound.
Affirmed.
Before BARKDULL, HENDRY, SCHWARTZ, NESBITT, BASKIN, PEARSON, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
I respectfully dissent.
I see no difference in the facts presented here from those presented in Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978), and would consequently reverse.
The Sixth Amendment right to counsel, provided for in the United States Constitution, is embraced in Article I, Sec 16 of the Florida Constitution. The right is that of the accused, not of the attorney. Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1971).
I must take issue with the majority's conclusion that "the sole conceivable reason for counsel's communication with the client ... was the improper one of coaching... ." As Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) suggests, there are other ways to deal with the problem of improper coaching. 425 U.S. at 89, 96 S.Ct. at 1335, 47 L.Ed.2d at 600. I also take issue with the proposition that a proffer is required in order to preserve the record regarding attorney-client communications. No proffer was made by the state, as required by Geders/Stripling, that a conference would interfere with the orderly progress of the trial. The resulting prejudice is presumed. Once the court characterized the defendant as being like any other witness and ordered no communication with the defendant during the recess, the Geders/Stripling violation was complete.
The record reflects that prior to the colloquy set forth by the majority, a substantial portion of time was devoted to the trial court's ascertaining how many more witnesses would testify and what measures could be taken to shorten the remaining portion of the defense case. The record further reflects that defense counsel and defendant were being assisted by an interpreter. It would certainly be apropos during a luncheon recess for counsel to explain to his client the reasons certain witnesses were not being called and to explain the events of the bench conference. This is particularly true during a luncheon recess. Since it obviously did not affect the orderly conduct of the trial, the defendant was entitled to his conference. Geders, supra; Stripling, supra.
My brother's reliance on United States v. DiLapi, 651 F.2d 140 (2d Cir.1981) is, in my view, misplaced. The recess in DiLapi was only of five minutes duration and during the course of cross examination. Thus, the facts and circumstances surrounding DiLapi are closer to Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980), than the case sub judice. If we are to be guided by federal decisions in this area of the law then United States v. Conway, 632 F.2d 641 (5th Cir.1980) is closer to our facts and has direct application since, in both cases, the recess being discussed is a luncheon recess.
The error complained of is so fundamental that it cannot be characterized as harmless. Geders, supra; Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
For the reasons advanced herein, I would reverse on the authority of Stripling v. State, supra, which, in my view, we are bound to follow.

On Rehearing En Banc
SCHWARTZ, Judge.
Upon consideration of this cause after having granted and heard rehearing en *98 banc, we adhere to the panel's determination to affirm the judgment below.
We conceive that our primary task on rehearing is to apply Bova v. State, 410 So.2d 1343 (Fla. 1982), which was decided by the supreme court after the panel opinions were released, to the instant case. It is true that by holding that the trial court may not restrict the defendant's access to his attorney during any recess whatever, no matter what its length or occasion, Bova plainly invalidates the first ground of the panel's conclusion. We think, however, that the ultimate result of Bova and the foundation of that ruling just as clearly establish the correctness of the alternative ruling that the trial judge's statement of the law, even though mistaken, does not require reversal.
Bova affirmed the conviction because the error of the lower court in restricting consultation with counsel "over objection," 410 So.2d at 1344, did not result in any prejudice and was therefore "harmless." 410 So.2d at 1345. In so ruling, the court necessarily rejected the principle applied in Gideon and the other authorities in Judge Jorgenson's dissenting opinion, and contrarily held that the access to counsel rule is neither fundamental in the sense that it does not require preservation below, nor prophylactic in that reversal will necessarily follow its violation without reference to ordinary considerations of harmlessness. Compare also, e.g., Richardson v. State, 246 So.2d 771 (Fla. 1971) (failure, upon objection, to hold hearing on effect of state discovery violations requires "automatic" reversal); Ivory v. State, 351 So.2d 26 (Fla. 1977) (any communication between court and jury in absence of defendant requires reversal even if contents not erroneous); Land v. State, 293 So.2d 704 (Fla. 1974) (failure to make proper ruling as to voluntariness of confession requires new trial even if confession not in fact involuntary). The facts here qualify under both prongs of this determination.
First, the record shows that, unlike Bova, defense counsel acquiesced in and surely did not object to or challenge in any way the correctness of the trial judge's statement of the law. Since an articulated statement of the defendant's position in the trial court is an absolute prerequisite to the appellate consideration of a non-fundamental issue such as this one the conviction may properly be affirmed because of this failure alone. Lucas v. State, 376 So.2d 1149 (Fla. 1979); see Clark v. State, 363 So.2d 331 (Fla. 1978).
Second, the harmlessness holding of Bova applies in spades to the facts of this case. Indeed, we do not believe that what took place at the trial may be said to have ascended even to the dizzying heights of harmless error. As we understand it, harmless error occurs when a mistaken ruling, that is, a trial court decision which affects the conduct of the proceedings in some way, is shown not to have affected the final result of the litigation; in this case, the erroneous statement of the law was not shown to have constituted or led even to the sine qua non of any kind of error, harmless or otherwise: the existence of an allegedly adverse "ruling." This is because, as the writer's panel opinion points out, there is no indication that counsel or Recinos had any desire further to speak to the other which was precluded by the court's announcement. Under these circumstances, the remark in question was no more than an academically incorrect observation about the law. We know of no instance in which a statement, however textually erroneous, which has no causative impact on what actually happened or did not happen below, can justify a reversal. We continue to believe that, in this context, the answer to Bishop Berkeley's conundrum about the tree and the forest is that the court's incorrect comment meant nothing.
Affirmed.
FERGUSON, Judge (specially concurring).
Although I don't concur in the majority discussion on the merits of the appeal I would affirm the conviction on the basis that the alleged error has not been preserved for review. Defense counsel not only failed to object but deferred to the trial court's erroneous instruction. Lucas v. State, 376 So.2d 1149 (Fla. 1979).
*99 JORGENSON, Judge, dissenting:
I adhere to the views advanced in my original dissent. I write further only to suggest that the majority errs in reaching the conclusion that access to counsel is not fundamental, nor can I agree that under these facts a prophylactic reversal is not warranted.
A fair reading of this record compels the conclusion that it is the defendant seeking access to his counsel and not counsel seeking access to the defendant. That being the case, an articulated statement of the defendant's position is hardly possible. The error in this case is manifest. Under such circumstances, it is the State's burden to demonstrate that the error is harmless beyond a reasonable doubt. That burden was not only not met, but not assumed. The trial court's instruction, correctly obeyed by defense counsel, did not require further objection in order to perfect this record. The evidence of guilt is not overwhelming, nor was the restraint brief. Bova v. State, 410 So.2d 1343 (Fla. 1982).
I would reverse.
DANIEL S. PEARSON, J., concurs.
BASKIN, Judge (specially concurring).
If the trial court had prevented counsel from speaking to defendant Recinos during a recess, its ruling would have constituted deprivation of a fundamental right. Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1971); Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978). Because the record lacks any indication of a desire on the part of either counsel or defendant Recinos to communicate, I interpret the court's statement as a comment on past conversations between Recinos and his attorney, and not as a thwarting of any express or even implied fundamental right. I therefore concur in the result reached by the majority but not in its characterization of the potential error as non-fundamental.
NOTES
[1] On this point the present case falls squarely between Stripling, involving a regular, relatively lengthy luncheon recess after direct was concluded, and Bova, in which there was a brief, five-minute recess in the course of cross-examination. As our decision indicates, we believe the occasion rather than the length of the recess is more significant.

We note, moreover, that the court in Stripling found reversible error before its discussion of the present issue. Thus, it is at least uncertain as to whether this ruling would have alone required a new trial, as Recinos argues here.
[2] This situation, in which there is nothing to show that there would have been communication of any kind absent the order, is to be distinguished from one in which it is argued that the failure to discuss a particular subject which counsel wished to, but was prevented from undertaking would not have changed the result. We take it that it is the latter instance about which Justice Marshall in Geders commented that a defendant "need not make a preliminary showing of prejudice." [emphasis supplied] Geders v. United States, supra, at 425 U.S. at 92, 96 S.Ct. at 1337, 47 L.Ed.2d at 602 (Marshall, J., concurring), adopted in Stripling v. State, supra, at 349 So.2d 187. While we need not directly decide the question, we would be inclined to hold that even were this language controlling, any presumption of harm has been overcome beyond a reasonable doubt in the case at bar. United States v. DiLapi, supra.