424 So.2d 918 (1982)
James McFADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2143.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied January 26, 1983.
*919 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
McFadden appeals from his convictions and sentences for aggravated battery and shooting into an occupied vehicle.
The State charged appellant with the crimes of attempted first degree murder, shooting into an occupied vehicle and possession of a firearm while engaged in a criminal offense. These charges arose out of a fight between appellant and Elijah Peterman which began on the business premises of East Coast Starter Drive in Pompano Beach and ended in a roadside gun battle that left Peterman seriously injured. At appellant's jury trial, Peterman testified that appellant was lying in wait for him at a curve in the highway and then shot him with a rifle as he drove past. Peterman returned the fire with his pistol but did not hit anyone. Appellant testified that Peterman was the one who ambushed him at the curve and who fired the first shots. Appellant admitted shooting at Peterman but claimed he only fired in self-defense.
Appellant completed his direct testimony at the end of the day before an agreed upon holiday recess. The trial judge, at the prosecutor's request, ordered appellant's counsel not to discuss appellant's own trial testimony with him during the holiday recess. In response to appellant's counsel's objection the court limited its ruling, "You just don't coach him and discuss his testimony." When trial resumed, appellant's counsel declined the court's offer for him to talk with appellant but admitted that he had met with appellant the previous day.
Appellant presents four points on appeal; none warrant reversal but one requires further discussion. Appellant contends that the trial court erred in ordering appellant and his attorney not to discuss the case during a recess which lasted a day and a half. We disagree.
Contrary to his contention, appellant did not suffer a constitutional deprivation of the right to consult with counsel over the recess. Appellant's reliance on Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), is misplaced in two respects. First, the Geders court held that an order prohibiting a defendant from consulting with his counsel "about anything" during an overnight recess between his own direct and cross-examination violated the defendant's Sixth Amendment right to the assistance of counsel. Id. 425 U.S. at 91, 96 S.Ct. at 1337, 47 L.Ed.2d at 601. The complete prohibition on consultation "about anything" during a recess, condemned in Geders, supra, is missing in the case at bar. Second, defendant's trial counsel in Geders complied with the court's order prohibiting any recess consultation. In the case sub judice, counsel met with appellant during the recess period but refused to disclose what took place.[1] More importantly, appellant's *920 counsel refused the trial court's offer to extend the recess to permit counsel to confer with his client to the extent he considered necessary. Although the trial court erred by instructing counsel not to discuss appellant's testimony with him during the holiday recess, because the trial court gave appellant ample opportunity to meet with counsel before proceeding with trial, there was no prejudice, Bova v. State, 410 So.2d 1343 (Fla. 1982), and the error was thereby rendered harmless.
Accordingly, we affirm appellant's convictions and sentences below.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] The following exchange took place before the prosecutor began cross-examining appellant when the trial reconvened after the holiday recess:

MR. GOLDSTEIN: One other thing, something I should have done before we started; I ask the Court to ask Mr. Kollin if he is ready for trial today at 1:30, because there was a problem this morning at 9:20  I believe it was 9:36 when Mr. Kollin stated he didn't have time to prepare for trial.
MR. KOLLIN: Those weren't my words.
My words were that I think the damage has occurred, and it's irreparable, and we are proceeding, and that is my position.
THE COURT: I told you I would recess and we wouldn't start until you are ready. By appearing here, I assumed you are ready.
MR. KOLLIN: My statement 
THE COURT: Do you need to talk to him now?
MR. KOLLIN: No.
THE COURT: Okay.
MR. KOLLIN: I just think 
THE COURT: You didn't talk to him during the time 
MR. KOLLIN: Your Honor, what I did or did not do with my client remains attorney/client privilege.
THE COURT: If the purpose of your 
MR. KOLLIN: I met with him yesterday. [Emphasis added.]