WENTWORTH, Judge.
Appellant seeks review of the denial of his Fla.R.Crim.P. 3.850 motion for post-conviction relief. We find that the factual circumstances asserted do not warrant relief, and we therefore affirm the order appealed.
Appellant’s Rule 3.850 motion asserts that while he was testifying the trial court called a recess and instructed that:
... In view of the fact that this is going to be a very brief break, I direct that the lawyers for Mr. Crutchfield not to [sic] discuss his testimony with him during the course of this break.
Appellant’s motion further asserts that “... this turned out to be a rather lengthy recess. The defendant was not permitted to speak with his lawyer for about two hours .... ”
Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), held that an order preventing a criminal defendant from consulting with his counsel “about anything” during a 17 hour overnight recess, between direct and cross-exam, impinged the defendant’s sixth amendment right to assistance of counsel. But Geders carefully noted that the case did not involve a limited prohibition during a brief routine recess during the trial day. Compare McFadden v. State, 424 So.2d 918 (Fla. 4th DCA 1982). We conclude that in the context of the Rule 3.850 motion in the present case,[1] the limited prohibition imposed does not warrant post-conviction relief.
The order appealed is affirmed.
ERVIN and NIMMONS, JJ., concur.

. Appellant’s Rule 3.850 motion asserts that “... without such violation the outcome of said trial would have been different.” However, the motion contains no factual predicate in support of this conclusory allegation.