BASKIN, Judge
(dissenting in part; concurring in part).
I disagree with the majority’s opinion condoning the trial court’s refusal to permit Thompson an opportunity to consult with his lawyer during his trial on criminal charges of theft and dealing in stolen property. In Bova v. State, 410 So.2d 1343 (Fla.1982), (applying Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976)), the Supreme Court of Florida held that a defendant in a criminal proceeding must have access to his attorney during any trial recess:
The right of a criminal defendant to have reasonably effective attorney representation is absolute and is required at every essential step of the proceedings. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Although we understand the desirability of the imposed restriction on a witness or party who is on the witness stand, we find that to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimony, violates the defendant’s basic right to counsel. Geders.
The record before us is substantially different from the records in both Bova and Recinos v. State, 420 So.2d 95 (Fla. 3d DCA 1982) (rehearing en banc), where the court found that the denial of access to counsel during recess did not prejudice the defendants. Here, the denial of access resulted in damage to Thompson’s credibility. Because the record does not support a finding of harmless error, and because the *183 evidence was far from overwhelming, I believe that Geders and Bova mandate reversal.
I concur in the remainder of the majority’s opinion.