SCHWARTZ, Chief Judge
(dissenting from denial of rehearing en banc).
I dissent from the denial of rehearing en banc. Our decision in Recinos v. State, 420 So.2d 95 (Fla. 3d DCA 1982) (en banc), which was based on the conclusion that neither counsel nor the defendant evinced a desire to consult which was precluded by the trial court, obviously does not apply here; the decisions in Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) and Bova v. State, 410 So.2d 1343 (Fla.1982) just as obviously do. Since I cannot conclude that this constitutional error was — as is, at a minimum, required — harmless beyond a reasonable doubt, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); see Crutchfield v. Wainwright, 772 F.2d 839 (11th Cir.1985), I think reversal for a new trial is mandated on this ground.