BASKIN, Judge
(dissenting from denial of rehearing en banc).
Under the law of the State of Florida, defendant Thompson’s application for rehearing en banc should be granted. Florida Rule of Appellate Procedure 9.331(c)(1) permits rehearing en banc upon a party’s request based upon the ground that the case is of exceptional importance or that en banc consideration is necessary to maintain uniformity in the court’s decisions. In my view, Thompson’s motion rests on both grounds. He is entitled to en banc consideration for the reasons stated in my dissent to the panel opinion: to preserve basic rights provided by Bova v. State, 410 So.2d 1343 (Fla.1982), and Recinos v. State, 420 So.2d 95 (Fla. 3d DCA 1982); and to avail himself of the effective representation recognized in Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). The failure to permit access to counsel cannot be condoned. The requested en banc review should be granted, both for maintenance of uniformity and because the right to counsel is a matter of exceptional importance.
JORGENSON, Judge, dissenting from denial of en banc.
For the reasons stated in my dissents in Recinos v. State, 420 So.2d 95, 97, 99 (Fla. 3d DCA 1982) (dissents to panel and en banc opinions), I dissent here.
The court’s conclusion that the error is harmless is not supported by the record. In situations of this nature, the prejudice is presumed. See Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). Even if it is appropriate to apply a harmless error standard in this case, see Bova v. State, 410 So.2d 1343 (Fla.1982), the error here is not harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 *184 L.Ed.2d 705, reh’g denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).