316 So.2d 554 (1975)
Neil H. STEIGERWALT, Appellant,
v.
The CITY OF ST. PETERSBURG, a Municipality Organized and Existing under the Laws of the State of Florida, Etc., et al., Appellees.
No. 45981.
Supreme Court of Florida.
July 2, 1975.
*555 Dennis R. Kuhn of the Law Offices of Eugene P. Spellman, Miami, for appellant.
Thomas G. Wright, Jr., Asst. City Atty., for appellees.
DREW, Justice (Ret.)
Neil H. Steigerwalt served the City of St. Petersburg for more than twelve years as a member of its Police Department. At the time of his initial employment and at all times thereafter until his discharge, the rules and regulations governing the Police Pension Fund of said City provided:
"20-4  GROUP III OFFENSES
"FIRST OFFENSE  DISCHARGE
"1. Wanton or wilful neglect in the performance of assigned duties or in the care, use, or custody of any City property. Abuse, or deliberate destruction in any manner of City property, tools, equipment, or the property of employees."
These rules and regulations were adopted pursuant to the provisions of the Legislative Act (as amended)[1] creating said Fund, viz:
"Section 15.
"Members of the Department who are eligible and entitled to a pension at the time charges are preferred against said member for removal from the Department shall not be deprived of the pension to which he was entitled. Any member who shall have served continuously for twelve (12) years in the Police Department who shall be discharged for cause other than wilful neglect of duty, disobedience of orders, habitual drunkenness or conviction of a felony, shall be entitled to a retirement pension upon the basis provided for in Section Six of this Act." (Emphasis supplied)
It is conceded here that Mr. Steigerwalt was discharged after being duly tried and found guilty of "Group III Offenses  Item 1."[2]
In the complaint in the trial court, it is alleged that the provisions of the Pension Act quoted above depriving plaintiff of his pension "is an arbitrary, capricious, unlawful and illegal act ..., constitutes a violation of due process and equal protection of the law, is an improper exercise of police power and is so vague, indefinite and lacking in standards and guidelines as to be totally void and unenforceable." The trial judge dismissed the complaint with prejudice, holding that the questioned Act was not unconstitutional on the grounds stated.[3] Final judgment was entered and this appeal ensued.
Retirement acts  both public and private  which have now become an integral part of our society, were, and are, designed to serve not only the interest of the pensioner and his dependents but the employer as well. They assure the employee and his dependents protection against the economic losses occasioned by death, injury, *556 sickness or other incapacities and afford him the solace of knowing that when he reaches the age of retirement he and his designated beneficiaries will not be dependent on his relatives or charity. The employer benefits because it provides incentive to its employees to perform their duties efficiently and faithfully. Sanctions are commonly imposed to assure the faithful and honest discharge of the duties of the employee. What these sanctions should be, in the case of public employees, is peculiarly a function of the Legislature. It involves the exercise of the law-making power. This is, of course, not an unbridled power, but it is a power that should be interfered with by the judicial branch only when it is exercised in such an unreasonable, arbitrary and capricious manner, bearing no relation whatever to the valid objects of the Legislation, as to be violative of some specific constitutional provision such as equal protection or due process. To successfully attack such a classification of reasons for discharge sufficient to forfeit pension rights, enacted by the Legislature, it must be shown that such is totally without a rational basis and clearly amounts to an arbitrary exercise of police power.[4] We hold the classification under attack here is reasonable and clearly within the power of the Legislature.
Moreover, it should be pointed out that the plaintiff knew that these provisions were a part of the law at the time he entered into a contract of employment with the City. Under elemental principles, such law became a part of his contract. For over a dozen years, he accepted the numerous benefits of the system. Having violated the terms of his own contract of employment  and the law  he should not now be heard to question the validity of such Legislation.[5]
The judgment appealed from is
Affirmed.
ADKINS, C.J., ROBERTS, BOYD, OVERTON, and ENGLAND, JJ., and MASON, Circuit Judge, concur.
NOTES
[1] Ch. 13378, Special Acts, 1927; Ch. 21556, Special Acts, 1941; Ch. 27876, Special Acts, 1951.
[2] The act or acts constituting the basis for the discharge does not appear in the record here. No question is raised, however, concerning the validity of the discharge.
[3] Such holding vested jurisdiction of this appeal here. Article V, Section 3(b) (1), Florida Constitution.
[4] The discretion of the legislature is very large in the exercise of the police power, both in determining what the interests of the public require and what measures and means are reasonably necessary for the protection of such interests. In fact the courts often state that within constitutional limits, the legislature is the sole judge as to what laws should be enacted for the protection and welfare of the people and as to when and how the police power of the state is to be exercised. Thus, it is for the legislature to determine when conditions exist calling for the exercise of the police power to meet existing public evils, and when exerting its authority to suppress what it is free to regard as such an evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its acts effective. It follows that so long as an act of the legislature does not infringe upon the inherent rights of life liberty, and property, either directly or through some limitations upon the means of living or some material right essential to the enjoyment of life, the legislative determination as to the necessity for police regulation and the method to be employed is conclusive upon the courts. 16 Am.Jur.2d Constitutional Law § 281.

The courts cannot undertake to decide whether the means adopted by the legislature are the only means or even the best means possible to attain the end sought, for such course would vest the exercise of the police power of the state in the judicial department. It has been said that the methods, regulations, and restrictions to be imposed to attain results consistent with the public welfare are purely of legislative cognizance, and the determination of the legislature is final, except when so arbitrary as to be violative of the constitutional rights of the citizen. In other words, so long as the police power of the state is not arbitrarily or unreasonably exercised, and is not violative of any constitutional provision, the courts will not interfere. 16 Am.Jur.2d Constitutional Law § 282.
See State ex rel. Watson v. Lee, 157 Fla. 62, 24 So.2d 798 (1946). See also Billings v. City of Orlando, 287 So.2d 316 (Fla. 1973); Selby v. Bullock, 287 So.2d 18 (Fla. 1973); Finlayson v. Conner, 167 So.2d 569 (Fla. 1964); Liquor Store, Inc. v. Continental Distilling Corp., 40 So.2d 371 (Fla. 1949); State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859 (1927); Noble v. State, 68 Fla. 1, 66 So. 153 (1914); and Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759 (1913).
[5] Billings v. City of Orlando, supra note 4.