OTT, Judge.
Appellant’s probation was revoked on the basis of numerous alleged violations. Appellant maintains, and the state concedes, that no testimony was presented to support the allegations that appellant violated condition (11) of his probation by failing to contribute toward the cost of supervision, condition (14) by failing to pay court costs, and condition (15) by failing to make restitution. Consequently, we strike from the order revoking probation the findings that appellant violated the aforementioned conditions of probation.
Appellant’s other argument is without merit.
There was competent evidence to support the findings of the trial court that *540 appellant violated probation by changing his residence without the consent or knowledge of his probation officer, failing to report to his probation officer in July and August, 1980, violating the law, and withdrawing from an alcoholic therapy program without the approval of his probation officer. The record makes clear that the lower court was prepared to revoke appellant’s probation for these violations alone. See Sillett v. State, 393 So.2d 53 (Fla. 2d DCA 1981). Therefore, as amended, we affirm the order revoking appellant’s probation.
GRIMES, A.C.J., and LEHAN, J., concur.