HALL, Judge.
Appellant, William Pilkay, Jr., appeals an order of appellee, Board of Trustees of the City of Tampa Genéral Employees Pension Fund, wherein the Board denied Pilkay his pension benefits. We affirm.
The Board based its denial of pension benefits to Pilkay on section 112.3173(3), Florida Statutes (1985), which states:
Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he is a member, except for the return of his accumulated contributions as of his date of termination.
The Board found that while employed as a police officer with the City of Tampa, Pilkay committed thefts from the city. The thefts were committed prior to July 1, 1984, the effective date of section 112.-3173(3). Pilkay pled no contest to two cases of grand theft on June 3, 1985, and stipulated to the thefts of $140,132.98 and $121,356.10.
Pilkay contends that section 112.3173(3) as applied to him violates the ex post facto provisions of the Constitution of the United States. See U.S. Const., art. I, § 9, cl. 3 and § 10, cl. 1; Fla. Const., art. I, § 10. He argues that although he was on leave status with the department until November 1, 1984, he was disabled in April 1984 and his right to his retirement benefits vested at that time. Pilkay further contends that, since section 112.3173(3) was not in effect when he enrolled in the retirement system or when the crimes were committed, the statute constitutes an ex post facto law as applied to him. As support for his argument Pilkay cites the case of Hiss v. Hampton, 338 F.Supp. 1141 (D.C.D.C. 1972).
Though the court in Hiss held the federal law to be ex post facto as applied to Hiss, it stated: “The proper function of regulation is to guide and control present and future conduct not to penalize former employees for acts done long ago.” Id. at 1148-1149.
In his argument Pilkay chooses to ignore the fact that section 112.3173(3) is based on a provision of the Constitution of the State of Florida adopted by the people of Florida in 1976. Article II, section 8(d) provides as follows: “Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law.” Section 112.3173(3), passed by the legislature in 1985, was the implementing act of this 1976 constitutional provision.
In Peeler v. Heckler, 781 F.2d 649, 651 (8th Cir.1986), the United States Court of Appeals held that: “An ex post facto law is one which reaches back in time to punish acts which occurred before enactment of the law.”
Pilkay knew or should have known that his conduct in 1984 would result in a forfeiture of his rights and privileges under the retirement system. The 1976 amendment to the Constitution of the State of Florida advised him of the foreseeable results of his criminal actions, and when he entered his plea to the charges in 1985, the legislature had passed section 112.3173(3), which carried out the intent expressed in the constitutional amendment.
Section 112.3173(3), did not reach back in time to punish Pilkay for acts which occurred before its enactment because it was *1102 based on a constitutional provision which was in effect prior to the commission of the criminal acts by Pilkay.
Affirmed.
DANAHY, C.J., and LEHAN, J., concur.