685 So.2d 914 (1996)
Terry D. BUSBEE, Appellant,
v.
STATE of Florida, DIVISION OF RETIREMENT, Appellee.
No. 96-1131.
District Court of Appeal of Florida, First District.
December 17, 1996.
*915 M.J. Menge of Shell, Fleming, Davis & Menge, Pensacola, for Appellant.
Robert A Butterworth, Attorney General; Jeffrey M. Dikman, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, Judge.
Terry D. Busbee appeals a final order of the Florida Division of Retirement determining that he has forfeited his right to receive benefits under the State of Florida Retirement System (FRS) as a result of his plea of guilty in federal court to the charge of accepting a bribe in connection with his employment with the Escambia County Utilities Authority. Mr. Busbee argued below that the forfeiture of his retirement benefits was unconstitutional based upon a number of specified grounds. Mr. Busbee again argues on appeal that the forfeiture of his retirement benefits is unconstitutional. Specifically, he asserts that the forfeiture of his retirement benefits deprives him of vested property rights, violates constitutional prohibitions against impairment of contracts in Article I, section 10, clause 1, of the United States Constitution, and Article I, section 10 of the Florida Constitution, the Double Jeopardy clauses of the United States and Florida Constitutions, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution as well as Article II, section 17, of the Florida Constitution, his due process rights under the Fifth and Sixth Amendments of the United States Constitution and Article I, sections 15 and 16 of the Florida Constitution, and the equal protection clauses of the United States and Florida Constitutions, citing United States Constitution Amendment XIV, section 1, clause 4 and Article I, section 2, Florida Constitution. Finding no merit in Mr. Busbee's arguments, we affirm.
The facts in this case are undisputed. Terry D. Busbee is a Pensacola native. He served in the Air Force and Air Force reserve, and was honorably discharged. On October 1, 1966, Mr. Busbee was employed as a deputy tax collector. He became a tax collector supervisor, and remained in that employment until July 19, 1984. On January 8, 1985, Mr. Busbee was elected to the board of the Escambia County Utilities Authority (ECUA). He retired on December 31, 1994. He was 52 when he retired with 31.5 years of creditable service (calculated based upon his 3.77 years of military service, 17.75 years in the tax collector's office, and 9.98 years of service on the ECUA). He opted to receive his retirement benefits in a package which would provide him with $1,190.72 a month in benefits, which would be subject to 3% annual cost of living increases, plus a $90 a month health insurance subsidy.
Approximately two weeks after his retirement, on January 17, 1995, the Federal Grand Jury for the Northern District of *916 Florida returned an indictment against Mr. Busbee. On March 3, 1995, Mr. Busbee pleaded guilty to the charge that he "did knowingly and corruptly solicit, demand, accept and agree to accept something of value from ... Preston C. Bynum, intending to be influenced or rewarded in connection with a business, transaction, or series of transactions of the ECUA involving something of value of $5,000 or more." Mr. Bynum worked for Stephens, Inc., a Little Rock, Arkansas, bonding company which had been selected by the ECUA to underwrite certain bonds in 1990 and 1992 (with, among others, Mr. Busbee's favorable votes). Bynum, or his employer, repaid a loan for $6,000 at a Little Rock bank which had been taken out, but not repaid, by Mr. Busbee. Mr. Busbee also pleaded guilty to a charge of filing a false tax return for 1993. Mr. Busbee reported taxable income in 1993 of $44,985 but was charged with and pleaded to having had a taxable income of approximately $67,869. Mr. Busbee was sentenced to 27 months on each charge, to be served concurrently, to be followed by 3 years supervised release.
On June 15, 1995, the Division of Retirement sent a notice of suspension of appellant's retirement benefits. An informal hearing was conducted on December 5, 1995. The Division ruled that appellant had forfeited his retirement benefits by virtue of his guilty plea to accepting a bribe in connection with his employment, under the authority of Article II, section 8, Florida Constitution, and sections 112.3173(3) and 121.091(5), Florida Statutes. The Division ordered Mr. Busbee to repay $450 in health insurance subsidies, but held that those monies would be offset against employee contributions in excess of benefits already received, as Mr. Busbee was entitled by law to a refund of such contributions.

VESTED PROPERTY RIGHTS AND IMPAIRMENT OF CONTRACTS
The Florida Retirement System was created effective December 1, 1970. § 121.181, Fla. Stat. (Supp.1970). The parties agree that Mr. Busbee opted in to the Florida Retirement System (FRS) at the time the FRS was implemented. When the FRS was created, the governing law contained a provision that "[a]ny member who is found guilty in a court of competent jurisdiction of committing, aiding, or abetting any embezzlement or theft from his employer, or bribery in connection with the employment, committed prior to retirement ... shall forfeit all rights and benefits under this chapter except the return of his accumulated contributions as of the date of termination." § 121.091(5)(f), Fla. Stat. (Supp.1970).
Mr. Busbee argues that the forfeiture of his pension rights unconstitutionally retroactively takes his vested property rights and violates the prohibitions in the state and federal constitutions against the impairment of contracts because he did not commit his crime until after he had achieved ten years of creditable service and his rights to his pension had vested. The State agrees that the pension obligation is a matter of contract, but correctly points out that the terms of that contract are governed by statute.
We find no merit to Mr. Busbee's arguments, because, when he voluntarily elected to become a member of the FRS, the governing statutes contained the express provision that conviction for bribery in connection with one's employment results in forfeiture of pension rights. Therefore, the forfeiture provision was a part of the pension contract between the appellant and the state, and to the extent that his rights vested after 10 years of service, they vested subject to this provision. See Steigerwalt v. City of St. Petersburg, 316 So.2d 554, 556 (Fla.1975) (affirming forfeiture of pension benefits because the forfeiture provisions were part of the law at the time Steigerwalt entered into his employment contract with the City and became a part of his contract).
Because section 121.091(5)(f) was a part of the contract before Mr. Busbee's pension rights vested, indeed, at the time he opted to become a member of the Florida Retirement System, we need not decide the question whether it was constitutional to also base the forfeiture upon Florida Constitution Article II, section 8 (adopted in 1976), and section 112.3173(3), Florida Statutes (enacted in 1984). However, we note that authority exists *917 for applying the law in effect at the time Mr. Busbee committed the crime of accepting a bribe in connection with his employment, rather than the law in effect at the time he opted in to the FRS or when his pension rights vested. In Shields v. Smith, 404 So.2d 1106, 1112 (Fla. 1st DCA 1981), review denied mem., 412 So.2d 470 (Fla.1982), this court affirmed an order that Mr. Shields had forfeited his state pension rights. Shields, the executive director of the Department of Natural Resources, was convicted in federal court of attempting to extort money under color of official right, by threatening to prevent the State from purchasing certain lands unless payments were made to him personally. One of his arguments was that the list of felonies specified as grounds for forfeiture of pension rights could not be altered after he had achieved ten years of service and his rights vested. The court rejected that argument, holding that Mr. Shields did not have a vested "right to commit, with impunity, any but a particular list of felonies." In other words, the court focused, not on the date that his pension rights vested, but on whether the felony was a listed one at the time Mr. Shields committed his act of wrongdoing. See also Pilkay v. City of Tampa, 505 So.2d 1100, 1101 (Fla. 2d DCA), review denied mem., 513 So.2d 1062 (Fla.1987). In Pilkay, the appellant argued that section 112.3173(3) could not be applied to him because it was enacted after he had committed the crime of theft against his employer. The court noted that Article II, section 8, had been adopted before Mr. Pilkay's criminal acts, and that, therefore, "Pilkay knew or should have known that his conduct in 1984 would result in a forfeiture of his rights and privileges under the retirement system." The decision looks, not to the year Mr. Pilkay's pension rights vested and whether that was after the adoption of the constitutional provision, but, rather, to the fact that the constitutional provision had been adopted prior to the date he committed his criminal acts.

DOUBLE JEOPARDY
Mr. Busbee asserts that this forfeiture is unconstitutional because it is a second prosecution for the same offense, and, alternatively, because it is a second punishment for the same offense. "[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). There is no merit to either of Mr. Busbee's arguments. This is not a prosecution under Florida criminal law for accepting a bribe, and it is not a punishment for accepting a bribe. This is an action to enforce the terms of the pension contract and nothing more.
Even if this forfeiture proceeding was considered a prosecution or punishment for the bribery offense, it would nevertheless not violate the Double Jeopardy clause. A single offense may be said to violate "the peace and dignity of two sovereigns" and be punishable by both. State v. McNab, 642 So.2d 41 (Fla. 5th DCA 1994). Only when the state is acting merely as the tool of federal prosecutors can a second prosecution by a second sovereign be deemed unconstitutional. State v. Jones, 668 So.2d 1073 (Fla. 2d DCA 1996), citing Koon v. State, 463 So.2d 201 (Fla.), cert. denied mem., 472 U.S. 1031, 105 S.Ct. 3511, 87 L.Ed.2d 641 (1985). As this forfeiture provision has been in force since the creation of the FRS in 1970, and has been deemed so important as to be included in the constitution of our state under a section devoted to "Ethics in Government," it would not be reasonable to conclude that this forfeiture was pursued merely on behalf of the federal government.

EXCESSIVE FINES
Mr. Busbee's argument that the challenged forfeiture violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article I, section 17, of the Florida Constitution, is based upon the same inaccurate premise as his Double Jeopardy argument. The Excessive Fines provisions are only implicated if the "fine" is a "punishment." See United States v. One Parcel of Real Estate Located at 13143 S.W. 15th Lane, Dade County, Miami, Florida, 872 F.Supp. 968, 972 *918 (S.D.Fla.1994) ("The concept of a forfeiture being an excessive fine is a relatively new one in civil forfeiture law ... since civil forfeiture under 21 U.S.C. section 881(a)(7) constitutes punishment, it also can be `excessive' within the meaning of the Excessive Fines Clause of the Eighth Amendment."). See also In re forfeiture of 1990 Chevrolet Blazer, 684 So.2d 197 (Fla. 2d DCA 1996) (purpose of proportionality test is to determine if forfeiture is excessive in relation to the crime for which the owner is being punished). Mr. Busbee asserts that the amount of money he is forfeiting through the loss of his pension is so much greater than the amount of the bribe he has pleaded guilty to accepting that it is unconstitutionally disproportionate. He asserts that his having accepted a bribe in connection with his employment resulted in no measurable harm and that any damage to the faith of citizens in their governmental officials is "ethereal, nebulous [and] unquantifiable." We reject that cynical and self-justifying view of the results of Mr. Busbee's actions, but need not address the proportionality of this harm to the amount of the pension forfeited. The proportionality test is not relevant here because this is not a punishment for Mr. Busbee's crime. This case involves a straightforward question of contract law and the amount of the pension which has been forfeited is irrelevant under the terms of the contract.

DUE PROCESS
Mr. Busbee again relies upon the flawed premise that this forfeiture is a punishment, and argues that because he is being punished for the crime of accepting a bribe in connection with his employment he was entitled to all of the procedural safeguards of the Fifth and Sixth Amendments of the United States Constitution, and Article I, sections 15 and 16, of the Florida Constitution. Mr. Busbee has not specified any particular manner in which his constitutional rights to due process were abrogated. Moreover, there is no validity to this argument because this proceeding simply enforced the terms of Mr. Busbee's pension contract and did not impose any "punishment."

EQUAL PROTECTION
Finally, we reject the equal protection argument raised by Mr. Busbee. The statute rationally classifies those who shall forfeit their pensions based upon the types of wrongdoing which have been committed. Mr. Busbee's argument that it is irrational because some persons who accept bribes will not yet have earned any pension benefits, and would therefore not lose as much money as he has forfeited, is unpersuasive. The statute contains no classification, rational or arbitrary, based upon pension amounts. Moreover, the Florida Supreme Court has already rejected an equal protection argument in connection with the forfeiture of state pensions for criminal wrongdoing in Steigerwalt v. City of St. Petersburg, 316 So.2d 554, 556 (Fla.1975). Mr. Busbee voluntarily opted in to the system containing this provision and thereby voluntarily agreed to be treated the same as any other member of the Florida Retirement System who accepts a bribe in connection with their employment, without regard to the amount of the pension rights which would be forfeited.
Accordingly, we AFFIRM the final order of the Division of Retirement.
BARFIELD, C.J., and BENTON, J., concur.