BARKDULL, Senior Judge.
The defendant entered a plea of guilty to charges of robbery and battery on a law enforcement officer and was sentenced to four years of probation. He subsequently violated his probation by failing to report to his probation officer, leaving Dade County without the consent of his probation officer and committing a battery on a law enforcement officer. The trial court revoked his probation and sentenced him to three and one-half years of incarceration.
The defendant filed a rulé 3.800(a) motion[1] to correct illegal sentence and alleged that his sentence was illegal because his convictions for possession of cocaine and resisting arrest without violence were reversed on appeal to the Fifth District. Turner v. State, 674 So.2d 896 (Fla. 5th DCA 1996). Apparently these convictions arose out of the same incident for which the defendant was originally charged with battery on a law enforcement officer. The state asserts that although the battery charge was considered in the probation revocation proceeding, his probation was revoked for other technical violations and thus the revocation is still proper. The state has not, however, supplied this court with the defendant’s scoresheet or otherwise addressed the issue of whether the convictions that were reversed were considered in determining the length of the three and one-half year sentence that was imposed upon revocation of probation.
While it is true that the trial court could have revoked the defendant’s probation solely for the two other violations charged, see e.g., Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991); Jackson v. State, 546 So.2d 745 (Fla. 2d DCA 1989); McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); May v. State, 472 So.2d 890 (Fla. 4th DCA 1985); Sparks v. State, 453 So.2d 539 (Fla. 2d DCA 1984), it is unclear from this record whether or not the battery charge was the primary consideration in revoking probation. And although it appears that the battery may not have been scored or otherwise considered in determining the length of the defendant’s sentence upon revocation, we are unable to be certain without the scoresheet. Therefore, we reverse and remand for reconsideration of the defendant’s revocation of probation and sentence. The trial court may still decide to revoke probation based on the remaining violations and impose the same sentence, see Eullett v. State, 507 So.2d 736 (Fla. 4th DCA 1987); Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985), but if the conviction that was later reversed was listed on the scoresheet, then the defendant’s sentence must be corrected accordingly. See Brown v. State, 661 So.2d 26 (Fla. 2d DCA 1994)(reversal of conviction which had been scored required resentencing); Valdez v. State, 624 So.2d 857 (Fla. 4th DCA 1993).
Reversed and remanded for proceedings consistent with this opinion.

. Which we treat as a 3.850 motion.