PER CURIAM.
Marie Michelle Bernard (defendant) appeals from the lower court’s orders of revocation of probation and concurrent fifteen year sentences.
In September 1992, defendant pled nolo contendere to aggravated battery in two different criminal cases. She was adjudicated guilty and placed on probation for three years. In April 1994, she violated her probation and the court extended it for three years. In July 1997, the State filed an amended affidavit of violation, alleging that defendant failed to remain at liberty without violating the law by committing child neglect (no harm), aggravated battery and aggravated assault.
At the probation revocation hearing, Officer John La Molli testified that on May 27, 1997, defendant left her seven-year-old daughter alone in her apartment. The child was seen running through hallways and riding elevators unattended. Officer La Molli responded and found the girl without shoes but dressed in clean clothes and “in good spirits.” The girl said that she had no idea where her mother was or how long her mother had been gone, and that she had not eaten. The kitchen in their apartment had food left on the stove and the officer noted the presence of roaches, but the rest of the apartment was “picked up.”
The officer stayed with the child in the apartment for about 45 minutes. During this time he received phone calls from the child’s father, who told the officer that defendant had never left her alone in the past. The officer was unable to reach relatives to watch the child, so he took her to the police station. He left a note for defendant, who arrived at the station two to three hours later. Defendant told the officer that she does this all the time and that she had gone to pick up or see a friend. Defendant told a Department of Health and Rehabilitative Services[1] investigator that she had gone to a friend’s house to pick up her baby.
Defendant, a mother of three, testified that she had to walk to the child care facility to pick up her daughter because her car was being serviced. Defendant left her oldest child at home so her daughter did not have to walk with her to the child care facility. Before leaving, defendant assured her daughter she would return home after picking up her sister. Defendant testified that the apartment was left stocked with food. When she got to the child care facility she called to check on her daughter’s welfare, and her daughter told her that she was well.
Approximately three weeks later, defendant had a fight with Mary Sabrowski *1068 when defendant went to her child’s father’s apartment. Defendant pushed Sabrowski, causing her to fly across the room, hit the ground and break two bones in her hand, which required surgery and left Sabrowski scarred. After Sabrowski arose, defendant continued to push her backwards out of the apartment all the way until they reached the sidewalk. Officer Oscar Ba-lancourt testified that at the time he arrested defendant, she admitted that she pushed Sabrowski and that she fell.
The defense moved for a judgment of acquittal on the ground that the evidence did not support the charge of child neglect. The trial court denied the motion. The court found that defendant violated her probation by failing to live and remain at liberty without violating- any law, in that she committed the offenses of child neglect, aggravated battery and aggravated assault. The court sentenced her to a concurrent fifteen year sentence in each case.
In this appeal, defendant challenges only the trial court’s finding that she violated her probation by committing child neglect. Section 827.03(3)(a)1, Florida Statutes (1997), provides that neglect of a child means a “caregiver’s failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child.” Such neglect may be based on a single incident that results in, or could reasonably be expected to result in, serious injury or a substantial risk of death to a child. § 827.03(3)(a), Fla. Stat. (1997). However, even if a defendant’s conduct falls within this definition, it becomes criminal only when the state proves that the caregiver has acted “wilfully or by culpable negligence.” § 827.03(3)(b), Fla. Stat. (1997).
While defendant left her oldest child unattended at home, she did so because otherwise the girl would have had to walk with her to pick up her baby. During this time she telephoned to check on the child. The child was unharmed and in good spirits, and their apartment was clean with the exception of the kitchen. The delay in defendant’s arrival at the police station may also have resulted from her lack of transportation. Under these circumstances, the defendant’s conduct was insufficient to rise to the level of criminal child neglect. See Arnold v. State, 755 So.2d 796 (Fla. 2d DCA 2000).
Accordingly, the trial court erred in denying the motion for judgment of acquittal as to the violation for child neglect. We reverse that portion of the trial court’s order of revocation of probation which finds that defendant committed the offense of child neglect (no harm). We affirm the order in all other respects. Because we have no way of knowing to what extent the child neglect charge may have influenced the sentencing decision, we vacate the sentence imposed and remand for resentenc-ing. On remand, the trial court may still decide to impose the same sentence based on the remaining violations. See Evins v. State, 690 So.2d 675, 676 (Fla. 3d DCA 1997); Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980).
Reversed and remanded with directions.

. This agency is now the Department of Children and Families.