772 So.2d 560 (2000)
Lawrence WRIGHT, Appellant,
v.
UNIFORMS FOR INDUSTRY, a/k/a Blue Ribbon Laundry and FCCI Mutual Insurance Company, Appellees.
No. 1D99-3759.
District Court of Appeal of Florida, First District.
October 17, 2000.
Rehearing Denied November 16, 2000.
Mark L. Zientz of Mark L. Zientz, P.A., Miami, for Appellant.
H. George Kagan and Elaine L. Thompson of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for Appellees.
WEBSTER, J.
Following his conviction on two counts of workers' compensation fraud in violation of section 440.105(4)(b)1, Florida Statutes (Supp.1994), the claimant in this workers' compensation case filed a petition seeking various benefits. The employer and carrier responded that all benefits were barred by section 440.09(4), Florida Statutes (Supp.1994), which states that "[a]n employee shall not be entitled to compensation or benefits under this chapter if any administrative hearing officer, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits." The judge of compensation claims held that the claimant was barred from seeking any benefits, relying on the decision in Rustic Lodge v. Escobar, 729 So.2d 1014, 1015 (Fla. 1st DCA 1999), where we said that "section 440.09(4) ... mandates that a claimant forfeit all compensation or benefits once there has been a finding of knowing or intentional fraud, and does not limit a claimant's forfeiture to those benefits that may have been obtained by virtue of the claimant's unlawful conduct."
On appeal, the claimant argues that, because section 440.09(4), Florida *561 Statutes (Supp.1994), does not limit a claimant's forfeiture to benefits obtained by virtue of the unlawful conduct, it violates the double jeopardy and excessive fines clauses of the state and federal constitutions. Applying the test set out in Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), to section 440.09(4), we conclude that the statute does not offend either the federal or the state double jeopardy clause. See Cohens v. Elwell, 600 So.2d 1224, 1225 (Fla. 1st DCA 1992) (the scope of the double jeopardy clause in the Florida Constitution is the same as that in the federal constitution). The excessive fines clauses of the federal and state constitutions are implicated only if the "fine" is a "punishment." E.g., Busbee v. State, Div. of Retirement, 685 So.2d 914, 917 (Fla. 1st DCA 1996). As the Supreme Court has explained, the word "fine" as used in the excessive fines clause of the federal constitution has historically been interpreted "`to mean a payment to a sovereign as punishment for some offense.'" United States v. Bajakajian, 524 U.S. 321, 327-28, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998) (quoting Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)). Section 440.09(4) does not contemplate any payment to a sovereign. Accordingly, we conclude that it does not offend the excessive fines clause of either the state or the federal constitution. See Jardanowski v. Industrial Comm'n of Ariz., 3 P.3d 1166, 1168 n. 4 (Ariz.Ct.App.2000) (forfeiture of workers' compensation benefits for making false representations does not involve payment to a sovereign and, therefore, is not a "fine" for purposes of the excessive fines clause of the federal constitution).
AFFIRMED.
BARFIELD, C.J., and BOOTH, J., CONCUR.