989 So.2d 716 (2008)
W.D. CHILDERS, Appellant,
v.
STATE of Florida, DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 4D07-4230.
District Court of Appeal of Florida, Fourth District.
August 27, 2008.
*717 H. Michael Muniz and I. Jeffrey Pheterson of Buckingham, Doolittle & Burroughs, LLP, Boca Raton, for appellant.
Geoffrey M. Christian, Assistant Attorney General, Tallahassee, for appellee.
MAY, J.
The extent to which a state pension can be forfeited because of a criminal conviction is challenged in this appeal. A former state employee appeals a final agency order forfeiting his pension based upon his conviction for bribery and receipt of unlawful compensation or reward for official behavior. He challenges the forfeiture of the full amount of his pension. He argues that the statute is unconstitutional as applied to that part of the pension that accrued prior to his employment as a county commissioner, during which time he committed the forfeiting crimes. We affirm.
*718 The facts are not in dispute. While employed as a school teacher for two and a half years, the employee was a member of the Teacher Retirement System, which later became part of the Florida Retirement System (FRS). He became a member of the Florida Legislature in 1970, where he served for thirty years, accruing credited service under the FRS.
In November 2000 he became a member of the Escambia Board of County Commissioners, and he continued to accrue years of credited service. It was during his tenure as a county commissioner that he was charged with the crimes that ultimately led to the forfeiture of his pension benefits under the FRS. He was convicted of bribery and unlawful compensation or reward for official behavior. The parties stipulated that the crimes were not related to the employee's service as a teacher or legislator.
The Department of Management Services, Division of Retirement (DMS), notified the employee of agency action to forfeit his rights and benefits under the FRS, pursuant to section 112.3173, Florida Statutes (2003), based on the employee's convictions. The Administrative Law Judge (ALJ) prepared and submitted an order recommending that the DMS enter a final order forfeiting the employee's rights and benefits under the FRS, excepting the return of any accumulated contributions. The DMS adopted the findings of fact and conclusions of law set forth in the ALJ's order, and ordered the forfeiture of all of the employee's rights and benefits under the FRS, excepting the return of accumulated contributions.
On appeal, the employee argues that section 112.3173 of the Florida Statutes is unconstitutional because, as applied, it violates his constitutional protections against excessive fines, double jeopardy, and ex-post facto laws. The employee suggests that the forfeiture apply only to that part of the pension that accrued during his tenure as a county commissioner and not to the thirty-two and a half years he served as a teacher and legislator. We disagree with the arguments presented and align this court with the First District Court of Appeal, which addressed the same constitutional arguments in Busbee v. State, Div. of Ret., 685 So.2d 914 (Fla. 1st DCA 1996).
Article II, section 8 of the Florida Constitution declares that a "public office is a public trust," and the "people shall have the right to secure and sustain that trust against abuse." Art. II, § 8, Fla. Const. "Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law." Art. II, § 8(d), Fla. Const.
To effectuate these constitutional provisions, the Florida Legislature enacted section 112.3173, which provides that "[a]ny public officer or employee who is convicted of a specified offense committed prior to retirement . . . shall forfeit all rights and benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination." § 112.3173(3), Fla. Stat. (2003) (emphasis added).
In Busbee, the First District Court of Appeal upheld section 112.3173 against similar constitutional challenges. Finding the statutory forfeiture provision to be a part of the pension contract between the State and the employee, and the issue to be one of contract law, the court affirmed the forfeiture of Busbee's pension based upon his guilty plea to a bribery charge. The First District then addressed the multiple constitutional issues raised: impairment *719 of contracts, double jeopardy, excessive fines, due process, and equal protection.
The Excessive Fines Clause limits "only those fines directly imposed by, and payable to, the government." Austin v. United States, 509 U.S. 602, 607, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (quoting Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 268, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)). Forfeiture of the employee's retirement benefits is not a fine because the employee has not been ordered to pay anything to the government. Unlike a criminal forfeiture statute, section 112.3173(3) merely relieves the State of its duty to pay retirement benefits. See also Wright v. Unifs. for Indus., 772 So.2d 560, 561 (Fla. 1st DCA 2000) (rejecting an excessive fines challenge to section 440.09, Florida Statutes, which denies workers' compensation benefits to employees that engage in a criminal act for the purpose of securing workers' compensation benefits.).
Here, the State entered into a contract with the employee, promising to pay him benefits upon his retirement. That contract included a condition precedent: the employee must refrain from committing specified offenses prior to retirement. The non-occurrence of that condition foreclosed the employee's right to performance. It is as direct and to the point as that. There simply is no violation of the Excessive Fines Clause. "This is not a prosecution under Florida criminal law for accepting a bribe, and it is not a punishment for accepting a bribe. This is an action to enforce the terms of the pension contract and nothing more." Busbee, 685 So.2d at 917.
We also hold that the Double Jeopardy Clause is not violated by the forfeiture of the employee's entire pension. "[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and the multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (overruled on other grounds). Here, there is neither a second prosecution for the same offense after acquittal nor a second prosecution after conviction. The question is whether the employee is receiving multiple punishments for the same offense. The answer is "no."
"The Clause protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (emphasis in original); see also Locklear v. Fla. Fish & Wildlife Conservation Comm'n, 886 So.2d 326, 327-28 (Fla. 5th DCA 2004) (discussing Hudson). In determining whether a particular punishment is criminal or civil, a "court must first ask whether the legislature, `in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.'" Hudson, 522 U.S. at 99, 118 S.Ct. 488 (quoting United States v. Ward, 448 U.S. 242, 248, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)). The following considerations are helpful in making this determination:
(1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter"; (4) "whether its operation will promote the traditional aims of punishment  retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may *720 rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."
Id. at 99-100, 118 S.Ct. 488 (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)).
The forfeiture statute does not impose an affirmative disability or restraint. While forfeiture, in general, has historically been understood as punishment, courts of this state have recognized that statutes providing for forfeiture of government benefits merely enforce the terms of a contract rather than impose punishment. See Austin, 509 U.S. at 618, 113 S.Ct. 2801; Busbee, 685 So.2d 914; Wright, 772 So.2d 560. This statute does not require a finding of scienter. See § 112.3173(1).
While the statute promotes deterrence against the commission of certain crimes, and while the outcome, particularly in this case, may appear harsh, it serves a unique alternative purpose  to assure the people's right to secure and sustain the public trust of public office against abuse. Art. II, § 8, Fla. Const. It is in the public's interest that the retirement system be prevented from inducing to public service those individuals inclined to breach the public trust. Cf. Steigerwalt v. City of St. Petersburg, 316 So.2d 554, 555-56 (Fla.1975) (recognizing that retirement benefits serve the public interest of insuring employees are "faithful and honest" in the "discharge of the duties" of public service). Weighing these factors, we find the forfeiture statute does not provide multiple criminal punishments and therefore no violation of the Double Jeopardy Clause.
We further hold that the application of the forfeiture statute to the employee's rights under the FRS does not violate the constitutional proscription against ex post facto laws. "`An ex post facto law is one which reaches back in time to punish acts which occurred before enactment of the law.'" Pilkay v. City of Tampa, Gen. Employee Pension Fund, Bd. of Trs., 505 So.2d 1100, 1101 (Fla. 2d DCA 1987) (quoting Peeler v. Heckler, 781 F.2d 649, 651 (8th Cir.1986)). Neither the date the employee entered into the pension system nor the date that his pension rights vested is relevant to an ex post facto law analysis. See Busbee, 685 So.2d at 916-17. It is the date of the crime which led to the conviction that determines the outcome. Because section 112.3173(3) was enacted before the employee committed the crimes for which he was convicted, section 112.3173 does not reach back in time and does not violate the proscription against ex post facto laws. Pilkay, 505 So.2d at 1101-1102.
Having found no violation of the Excessive Fines Clause, the Double Jeopardy Clause, or the proscription against ex past facto laws, we find the forfeiture statute can be constitutionally applied to the forfeiture of the employee's pension. One thing the legislature made perfectly clear is that an "employee who is convicted of a specified offense committed prior to retirement... shall forfeit all rights and benefits under any public retirement system of which he or she is a member." § 112.3173(3) (emphasis added). We therefore affirm the forfeiture order.
Affirmed.
WARNER, J., and BIDWILL, MARTIN J., Associate Judge, concur.