IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KEVIN R. LAING,

      Appellant,

 v.                                  Case No.  5D15-3978

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

Robert L. Sirianni, Jr. and Matthew R.
Mclain, of Brownstone, P.A., Winter Park,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

Kevin R. Laing appeals his conviction for violation of probation based upon his alleged submission of false driving logs. Laing argues that his conviction should be reversed because it was based solely on hearsay evidence. We agree and reverse.

In 2007, Laing pleaded guilty as charged to sexual battery, exposure of sexual organs, and battery. He was adjudicated guilty and sentenced to fifteen years of supervised sex offender probation. In July 2015, the State filed an affidavit alleging that he violated the terms and conditions of his probation by falsifying his required monthly driving logs, failing to properly document his driving destinations, and lying to his probation officer about those same logs. At the violation of probation hearing, Probation Officer McDonough testified that he advised Laing that the terms and conditions of his probation required Laing to maintain and submit accurate monthly driving logs. Laing was also required to wear a 3M GPS ankle bracelet, which was supposed to track his location and movements.

A 3M representative testified that the 3M electronic monitoring system consisted of an ankle bracelet, worn by Laing, and a small transmitter, similar to a cell phone, which would send signals to 3M's monitoring equipment. The monitoring equipment used GPS to record Laing's location and movements. The 3M representative indicated that he provided the State and Laing with login information that would allow them to access Laing's locations on specific dates and times. The State did not prepare an exhibit identifying Laing's location with the data reported by the 3M electronic monitoring system or attempt to introduce a printout of the 3M GPS data as a business record.

Probation Officer Patty Ciuzio testified that she assumed supervision of Laing after McDonough. When she reviewed Laing's driving logs, she learned that none of Laing's entries matched the reported 3M GPS data. Officer Ciuzio admitted that she had no personal knowledge of Laing's whereabouts and solely relied upon the 3M GPS data.

Laing denied any wrongdoing and testified that his driving logs were accurate. At the close of the evidence, Laing moved to dismiss the charges because hearsay was the sole basis to prove that he falsified his driving logs. The court denied his motion and convicted Laing of violating the terms and conditions of his probation by falsifying his driving logs for June 2015 through July 2015. The court dismissed the other alleged violations. Laing's probation was revoked and he was sentenced to 180 months in prison with credit for 200 days of time served.

Probation may be revoked only if there is a willful violation of a substantial condition of probation. *Lawson v. State*, 969 So. 2d 222, 230 (Fla. 2007). The State must prove the violation "by the greater weight of the evidence." *Del Valle v. State*, 80 So. 3d 999, 1012 (Fla. 2011) (citing *State v. Carter*, 835 So. 2d 259, 261 (Fla. 2002)). A trial court's determination that a probationer willfully and substantially violated a term or condition of his probation must be supported by competent, substantial evidence. *See Moses v. State*, 107 So. 3d 1224, 1224 (Fla. 5th DCA 2013).

The only evidence tending to prove that Laing violated his probation by falsely reporting his driving logs was the testimony of Officer Ciuzio. Officer Ciuzio did not have personal knowledge of Laing's whereabouts that contradicted the locations reported in the driving logs. On the critical issue of whether Laing was accurately logging and reporting his driving and destinations, Ciuzio could only repeat to the court the information that she obtained from the 3M electronic monitoring system. The 3M GPS data were offered to prove the truth of the matter asserted, namely that Laing was at the specific GPS locations reported by 3M at particular times on particular dates. This is definitive hearsay. *See* § 90.801(1)(c), Fla. Stat. (2015). No effort was made to utilize any

3

exception to the hearsay rule.  Without the hearsay evidence, namely the 3M GPS data, there is no proof that Laing falsified his driving logs.  A probation revocation cannot be based solely on hearsay.  *See, e.g.*, *Arndt v. State*, 815 So. 2d 674, 675 (Fla. 5th DCA 2002) (holding that hearsay alone was insufficient to support a revocation of probation).

Accordingly, we reverse Laing's conviction for violation of probation and instruct the lower court to vacate the judgment and sentence.

REVERSED AND REMANDED.


SAWAYA and TORPY, JJ., concur.