IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SETH CONNER WELLS,

      Appellant,

v.                                  Case No.  5D22-1550
                                     LT Case No. 2018-CF-525-A

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 11, 2023

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Matthew J. Metz, Public Defender,
and Steven N. Gosney, Assistant
Public Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Daniel P. Caldwell,
Assistant Attorney General, Daytona
Beach, for Appellee.


MACIVER, J.

Seth Wells was convicted of four counts of Using a Minor in Production of Material Harmful to Minors and one count of Production of Child Pornography, and was sentenced to twenty-four months' incarceration in the Florida Department of Corrections followed by three years of sex offender probation.

Approximately eighteen months after his release from prison, the court below found that Wells violated two conditions of his probation order. The court revoked Wells's probation, sentenced him to twenty-two years' incarceration in the Florida Department of Corrections, and ordered $401,500 incarceration costs. Wells appeals and this Court has jurisdiction. Fla. R. App. P. 9.140(b)(1)(D).

We affirm Wells's conviction for the violation of Condition 27—his mandatory curfew—but reverse for the violation of Condition 9—failure to comply with the instructions of his probation officer. The court below, based upon the violation of curfew alone, would have been and remains within its discretion to revoke probation and impose the same sentence. However, because it is unclear from the record whether the court would have done so without the second violation, we remand for reconsideration.

2

As to Wells's argument that the cost of incarceration violates the Excessive Fines Clause of the Eighth Amendment, we find the argument wholly without merit.

## Background

In May 2018, Wells was charged as an adult with five felony sex offenses. Wells pled no contest to the charges, pursuant to a plea agreement, and was sentenced to twenty-four months' incarceration in the Florida Department of Corrections followed by three years of sex offender probation. Wells was released from prison in May 2020 and began serving his probationary term. His probation order included fourteen Standard Conditions of supervision, eleven Special Conditions, and nineteen Standard Sex Offender Conditions. The three conditions at issue in this case are:

Condition 9, which provided:

> You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.

Condition 27, which provided:

> A mandatory curfew from 10 p.m. to 6 a.m. The court may designate another 8-hour period if the offender's employment precludes the above specified time, and the alternative is recommended by the Department of Corrections. If the court determines that imposing a curfew would endanger the victim, the court may consider alternative sanctions.

Condition 44(b), which provided:

> A prohibition on distributing candy or other items to children on Halloween; wearing a Santa Claus costume, or other costume to appeal to children, on or preceding Christmas; wearing an Easter Bunny costume, or other costume to appeal to children, on or preceding Easter; entertaining at children's parties; or wearing a clown costume; without prior approval from the court.

On October 31, 2021, Wells's probation supervisor and another officer were conducting a compliance check on sex offenders in Citrus County. When they checked Wells's residence at 10:30 p.m.—thirty minutes past his curfew—Wells was not at home. They contacted Wells, who said he was working late. The officers met Wells at his place of employment—a local restaurant—and found him dressed in a devil costume. Wells was subsequently charged and found to have violated Condition 9 and Condition 27 of his probation order. Notably, Wells was not charged with violating Condition 44(b)—the provision that refers to wearing costumes. Rather, because his probation officer testified to having instructed him not to wear a costume, he was instead charged with failing to comply with the probation officer's instructions.

On appeal Wells argues first that the court below improperly found that he willfully and substantially violated his probation. Specifically, he argues

4

that the State did not present sufficient evidence that his curfew violation was willful and substantial given that it was prompted by "the exigencies and circumstances" of his job duties and the countervailing probation requirement that he be gainfully employed. As to the second violation—the wearing of a Halloween costume—he argues that the court improperly found a willful and substantial violation because he was not legally prohibited from wearing a Halloween costume as a condition of his probation.

Wells's second argument on appeal relates to his ordered costs of incarceration. Section 960.293, Florida Statutes, provides:

> (2) Upon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.
> . . .
>
> (b) If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions. Damages shall be based upon the length of the sentence imposed by the court at the time of sentencing.

§ 960.293, Fla. Stat. (2022). Wells argues that section 960.293 violates the Excessive Fines Clause of the Eighth Amendment both on its face and as applied to Wells.

5

We will briefly address Wells's constitutional argument first. Because the argument is a pure question of law, we review de novo. *Scott v. Williams*, 107 So. 3d 379, 384 (Fla. 2013).

Constitutional Argument

The threshold question when invoking the Excessive Fines Clauses of both the Unites States and Florida constitutions is whether the "fine" is punitive. *E.g., Austin v. United States*, 509 U.S. 602 (1993); *Wright v. Uniforms for Indus.*, 772 So. 2d 560, 561 (Fla. 1st DCA 2000). The Florida Supreme Court has expressly held that the costs imposed by section 960.293 are civil rather than punitive in nature. *Goad v. Fla. Dep't of Corr.*, 845 So. 2d 880, 884–85 (Fla. 2003) ("Therefore, we hold that imposing a civil restitution lien pursuant to sections 960.293 and 960.297 to recover the incarceration costs of convicted offenders is a civil remedy that is not so punitive in nature as to constitute criminal punishment."). While *Goad* upholds the statute in the context of an *ex post facto* challenge, the reasoning is the same for the Excessive Fines Clause. Wells's analogies to civil forfeiture cases for the premise that incarceration costs are partly punitive is unpersuasive. The Florida Supreme Court recognized that a statute may be legislatively labeled civil and still be punitive in nature, and, after weighing the relevant factors, still found the costs to be civil and not criminal. *Id*.

6

Because the Excessive Fines Clause does not pertain to the remedial costs required by the statute, Wells's facial and as applied challenges have no merit.

<u>Violation of Probation Argument</u>

"At a violation of probation [hearing], '[t]he State has the burden to prove by a preponderance of the evidence that the defendant violated a condition of probation willfully and substantially.'" *Knight v. State*, 187 So. 3d 307, 309 (Fla. 5th DCA 2016) (second alteration in original) (quoting *Limbaugh v. State*, 16 So. 3d 954, 955 (Fla. 5th DCA 2009)). "A trial court's determination that a probationer willfully and substantially violated a term or condition of his probation must be supported by competent, substantial evidence." *Laing v. State*, 200 So. 3d 166, 168 (Fla. 5th DCA 2016).

Once the violation has been established, the revocation order is then reviewed for abuse of discretion. *Faulstick v. State*, 333 So. 3d 797, 799 (Fla. 5th DCA 2022). Whether a violation is willful and substantial is a factual issue which may not be overturned on appeal unless there is no competent, substantial evidence to support it. *Wilson v. State*, 781 So. 2d 1185, 1187 (Fla. 5th DCA 2001).

*Curfew*—

There was competent, substantial evidence that Wells violated his curfew, and the trial court did not abuse its discretion in finding Wells in willful and substantial violation of his curfew. Testimony from both Wells and his probation officers was sufficient for the court to conclude that Wells was aware that his curfew was 10:00 p.m.; that he was working past 10:00 p.m.; and that he knew a motion to extend his curfew had not yet been approved. Wells attempts to argue that he had no choice but to violate the curfew because if he did not stay to complete work past the curfew he would lose his job—and be in violation of a separate condition of probation. The court had sufficient evidence to reject this argument. Testimony showed that Wells had left a previous job to meet conditions of probation and had been instructed by his probation officer that the curfew condition was mandatory. At the time of his violation, he had requested a modification to his curfew and was aware that it had not yet been granted. Importantly, his probation officer testified that on October 6, just weeks prior to the violation, Wells was specifically told he could not work past 10:00 p.m. and still had to abide by the terms of the curfew because the motion to modify had not yet been ruled upon.

*Costume and Probation Officer's Instructions—*

Wells next argues that that he did not willfully and substantially violate Condition 9. The Order of Revocation of Sex Offender Probation states that Wells violated Condition 9 by "[f]ailing to follow instruction and not engage in Halloween activities." However, the specific instruction that he failed to follow arose from a condition that was imposed by the probation officer, and not by the court. "Violation of a condition which is imposed by a probation officer, rather than an express condition of the trial court, cannot serve as a basis for revocation of probation." *Hostetter v. State*, 82 So. 3d 1217 (Fla. 1st DCA 2012) (citation omitted); *see also Waldon v. State*, 670 So. 2d 1155, 1157 29 (Fla. 4th DCA 1996) ("We have several times held that probation or community control may not be revoked for violation of a condition or requirement imposed unilaterally by the probation officer but not by the sentencing order."). To be sure, a probation officer "may give a probationer routine supervisory directions that are necessary to carry out the conditions imposed by the trial court." *Miller v. State*, 958 So. 2d 981, 984 (Fla. 2d DCA 2007). The difference between a supervisory direction and a new condition is that a supervisory direction "simply effectuates the conditions already imposed by the court." *Id*.

Here the conditions imposed by the court regarding costumes are found in Condition 44(b), which prohibits:

9

1. distributing candy or other items to children on Halloween (Wells did not violate this prohibition);

2. wearing a Santa Claus costume, or other costume to appeal to children, on or preceding Christmas (Wells did not violate this prohibition);

3. wearing an Easter Bunny costume, or other costume to appeal to children, on or preceding Easter (Wells did not violate this prohibition);

4. entertaining at children's parties (Wells did not violate this prohibition); and

5. wearing a clown costume (Wells did not violate this prohibition).

By way of analogy, Condition 27 provides a curfew of 10 p.m. If a probation officer, just to err on the side of caution, instructed Wells that he instead had to be home by 9 p.m., that would be a new condition of probation that was not ordered by the court. Similarly, the officer's instruction not to dress up for Halloween exceeds the prohibitions ordered by the court, so we cannot affirm a violation of Condition 9.

The court below, based upon the violation of curfew alone, would have been and remains within its discretion to revoke probation and impose the same sentence. *See Evins v. State*, 690 So. 2d 675, 676 (Fla. 3d DCA 1997); *Eullett v. State*, 507 So. 2d 736 (Fla. 4th DCA 1987). Because it is unclear from the record whether the court would have done so without the second violation—indeed, the primary focus of the discussion at the hearing related to the costume violation—we reverse Wells's violation of Condition 9 and the

revocation of his probation and remand for the trial court's reconsideration. We affirm in all other respects.

AFFIRMED, in part; REVERSED, in part; REMANDED.

JAY and SOUD, JJ., concur.